**FILED**

JUN 0 4 2018

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
          DEPUTY CLERK

1  Benjamin Serratos #AM 3717
2  P.O BOX 7500
3  Crescent City Ca. 95532
4  In Pro Se

5              United States District Court
6            For The Eastern District Of California

7

8  Benjamin Serratos III                No. 2:18-cv-0077 MCE KJN
9    Petitioner

10 V.                                   Inre Opposition to
                                        Attorney Generals Motion.
11 James Robertson, Warden
     Respondent
12
        Without conceding I believe Respondents swequence of action
13 appear correct. With exception ; Respondent does not list a
14 petition filed to Attorney Generals Coviction Review Unit
15 Jackey Lacy Office in Los Angeles on Jan 4 2018. (12/26/2018)

16 State "Collateral Review" includes not only habeas corpus.
   I believe this constitutes collateral attack.
17 ( Wall v. Khuli (2011) U.S. [ 131 S.Ct 1278,1284,179 L.Ed. 2d
18 252]

19

20

21

22

23

24

25

26

27

28

## PROCEDURAL HISTORY

On February 1, 2012, an amended information was filed in People V.
Serratos (San Joaquin Superior Court case number SF115116A.)

It alleged seven felonies and one misdemeanor. All eight counts
were based on a single incident that occurred on June 12, 2010.

Count One alleged a violation of Penal Code section 187 (murder) of
Destanee Little, with a prior conviction under Penal Code section 667,
subdivision (a).

Count Two alleged a violation of Penal Code section 191.5 (Gross
Vehicular Manslaughter) of Destanee Little, with a prior conviction.
Under Penal Code section 667, subdivision (a), and a violation of
Vehicle Code section 23558 (causing injury to multiple victims).

Count Three and Five alleged a violation of Vehicle Code section 23153,
subdivision (a) (driving while under the influence of alcohol and
causing injury) to Chaunnel Renberg and David Heredia respectively.

Count Four and Six alleged a violation of Vehicle Code section 23153,
subdivision (b) (driving with a .08% or higher blood alcohol content
and causing injury) to Chaunnel Renberg and David Heredia respectively.

Count Three through Six all alleged the following enhancements:

A violation of Vehicle Code section 23540 (one prior conviction of
driving under the influence within ten years) and a violation of
Vehicle Code section 23558 (multiple victims).

In addition, Count Five and Six alleged two additional enhancements:

A violation of Penal Code section 12022.7 (great bodily injury) and a
violation of Penal Code section 667, subdivision (a).

Count Seven alleged a violation of Vehicle Code section 20001 (Hit & Run
resulting in death or injury), with a prior serious conviction alleged
under Penal Code section 1170.12, subdivision (b).

Count Eight alleged a misdemeanor violation of Vehicle Code section
14601.2, subdivision (a), driving on a suspended license. (II CT 407-416).

This case proceeded to trial on February 1, 2012. (II CT 418). On
March 2, 2012, after several days of deliberation, the jury concluded
guilty of Counts One through Eight, with a finding of truth on all
enhancements.

As to Count One, the jury found the violation of Penal Code section 187
to be in the Second Degree. (III CT 814-827).

On August 28, 2012, the court heard evidence regarding a motion
for a new trial. The court denied the motion and conducted a court
trail on the bifurcated priors. The court found the prior convictions
under Penal Code section 667, subdivision (a),Vehicle Code sections
23558 and 23540, Penal Code sections 12022.7, subdivision (a) and
1170.12, subdivision (b) to be true. The court then proceeded to
sentencing. (IV CT 1053-1061).

At judgement and sentencing the court ordered a sentence of 48 years
and eight months to life, (with 803 days of credit) to be served.
(IV CT 1060).

The court found Count Six to be the base term and imposed the upper
term of six years, plus three years for the enhancement under Penal
Code section 12022.7, subdivision (a).

Five years for the enhancement under Penal Code section 667, subdivision
(a).

One year for the enhancement under Vehicle Code section 23558.
(IV CT 1058-1078).

Count Two, the court imposed the upper term of 20 years, plus five
years under Penal Code section 667, subdivision (a).

Count Three, the court imposed the upper term of three years.

Count Four, the court imposed one-third the midterm of 16 months, plus
the enhancement under Vehicle Code section 23558.

Count Five, the court imposed the upper term of six years plus three years
for the enhancement under Penal Code section 12022.7, subdivision (a),
and five years pursuant to Penal Code section 667, subdivision (a),
plus one year for the enhancement alleged under Vehilce Code section 23558.

Count Seven, the court imposed one third the midterm of two years.

As to Count One, the court imposed 15 Years to Life.

Counts Three and Five, the court ordered the sentences to be stayed
pursuant to Penal Code section 654.

As to Counts One through Seven, the court doubled the terms imposed
and /or stayed pursuant to Penal Code section 1170.12, subdivision (b).

Lastly, the court imposed 360 days on Count Eight to run concurrent  to
the prison term.

The court also imposed a restitution fine of $10,000, plus $10,000
as an administrative surcharge for the restitution fine, plus $240
pursuan to Government Code 70373, subdivision (a) (I), plus $24 for
medical air transport fee.

A timely notice of appeal was filed on September 11, 2012, (IV CT 1071)

1  BENJAMIN SERRATOS #AM 3717

2  PBSP            (B-1-132)
   P.O BOX            7500

3  CRESCENT CITY, CA.    95532

4  In Pro Se

5              UNITED STATES DISTRICT COURT

6         FOR THE EASTERN DISTRICT OF CALIFORNIA

7  BENJAMIN SERRATOS III     )
                             )     NO. 2:18-cv-0077 MCE KJN
8     PETITIONER             )
                             )
9  V.                        )     OPPOSITION TO ATTORNEY GENERALs'
                             )     (RESPONDENTS) MOTION TO DISMISS.
10 JAMES ROBERTSON, WARDEN   )
                             )
11    RESPONDENT             )
   ──────────────────────────)

12

13     Opposition to Respondents motion to dismiss is as follows:

14

15 On May 4, 2018, Respondent[1] filed a motion requesting that the

16 federal petition be dismissed with prejudice as untimely or, in

17 the alternative, without prejudice as unexhausted, and that motion
   for stay be denied. (Petitioner received respondents motion on

18 May 9th 2018.)

19

              EXPLANATION & JUSTIFICATION OF DELAY

20
       During my confinement here in the very restricted custody at
21 Pelican Bay State Prison, I've made diligent strides to be as

22 effective as I could be in my overall circumstance, in putting

23 together my petitions, which contained 11 claims. Unfortunately,

24 I have been hindered, obstructed and numerous factors have infact
   frustrated my abilities.

25

26    [1] Petitioner is incarcerated at Pelican Bay State Prison-under a
   pilot program referred to as Resticted Custody General Population
27 (RCGP) stemming from a settlement agreement in(Todd Ashker V.
   Governor of the State of California.) (2015) in which ongoing
28 oversight & jurisdiction to U.S District Court Northern District
   of California continues.

                        1 of 9

1.) Limited or no access to Law Library in large part through-
out confinement(EX 1A 2,4,5,7)  , RCGP is a pilot program still
pen.ding court litigation as to its program (see Todd Ashker
V. Mathew Cate etl 2018). Though it is labeled General Popula-
tion it's a restricted housing environment, movement is under
escort, the non restricted general population yards have to
be cleared  every single time one RCGP inmate exits the RCGP
building unit. Furthermore staff have to work around schedules
inorder to accomadate the RCGP unit, usually resulting in last
resort program services, thus RCGP unit is adversely affected
by  how the actual General Population Non Restricted Yard
operates, i.e. if a lock down or incident occurs outside RCGP
unit it affects RCGP access to Law Library if RCGP inmates are
scheduled.

As to Respondents specified deadline of November 9th 2017
being last day to submit Federal Writ of Habeas Corpus Petiti-
on under the provisions of AEDPA 28 U.S.C$^§$ 2244(d)(1).

2.) From October 30 to November 5, 2017 Law Library Staff was
out and unavailable for RCGP. There was zero access or ability
to obtain copies, legal material, mail outs, research, and
access to clerks. This was the 9 days prior leading to Novemb-
er 8th 2017. (See EXHIBIT 1A  2) Law Library closed 10/26/2017
to 11/6/2017. B Facility.

3.) On November 7th 2017 the Petitions for Writ of Habeas
Corpus & Attached Exhibits & docs, were hand delivered to the
LTA Library Staff member available to RCGP inmates, for copies
and mailing out purpose, however the staff member was unable
or did not fulfill that objective until the following day and
thereby petition was mailed on the 8th of November. (The
Mail Box Rule should apply to November 7th) Since the LTA is
a staff member who handles Legal Mail Mail Outs in many circu-
mstances. ( see EXHIBIT 1A  2) Prison Staff LTA confirmation.

4.) There is no paralegal, inmate law clerk, or inmate jail
house lawyer available to RCGP inmates when at Law Library,
or trained legal clerk, direct contact or close proximity to

any General Population inmate and or who work in Law Library
is not permitted, therefore when Law Library attended by an
RCGP inmate the only available staff is the LTA whom is not
doing that position permenantly nor is legally inclined other
than to make copies and handle mail outs. One attending the
Law Library basically is put in a tiny small cage and fins and
manuevers as best one knows how in all legal aspects.

5.) In addition Law Library has been denied prior to the
month of deadline frustrating my abilities and or access to
materials that aid in prepping petitions in a timely manner,
had this not occured months would or could have been spared.
(see EXHIBIT 1A 4) On August 27, 2017 the Law Library staff was
notified  of pending deadlines in a frustrating manner because
access prior was scarce , and in speaking with the assigned
Law Library staff to RCGP Mr. Ewing it has been evident  in
that he has no or very minimal knowledge of AEDPA so in this
regard informing the staff of an AEDPA deadline combined with
my lack of full legal understanding is a hinderance in it's
totality.
On November 28 2017 days after the  Court Of Appeal decision
once again efforts were made to gain access to Law Library.
(see 1A 6 proof of diligence)

6.) On December 26, 2017  I'm pretty much begging to be granted
access or copies and to do a mail out. On Jan 4,2018 eight
days there after the Law Library staff answers request how -
ever the Petition for Writ of Habeas Corpus had already been
mailed. (see Exhibit 1A 7)

Though copies and some access was provided here and their
the circumstance of the overall situation combined with the
RCGP housing is dire and it's still currently working out how
to be less deficient.       (see EX 1A 5)

Never the less it is my belief that the petition should be
deemed timely from the date of October 30    2017 and or even
the date of November 7th 2017 under the mail box rule. Due to
No law library/Staffs, absence, & delay of no fault of mine.
The people assert Pace v. DiGuglielmo,544 U.S. 408,414 (2005)

In which held that courts may penalize a habeas petitioner for filing his state collateral petition toward the end of the statute-of-limitations period if the court believed that the prisoner could have filed petition earlier had he worked harder.

7.) However as demonstrated (Ex 1A 2) The Prisons Law Library staff was hand delivered the petition for mail out, this staff who is the only one available to inmates in (RCGP) was out for atleast the 9 days prior to the Nov 8th dead line. Thus this would be penalizing me for circumstances out of my control. Further 365 days are awarded for the statutory tolling. Not 356.

8.) The California Supreme Court received a letter addressed to the Clerk indicating that the clerk was out. (see EX 1A1) but for the absence of the Library staff the petition would have been timely with the Supreme court, based on the petitoin ruled unlimely due to a Nov. 8th filing, but once again as noted the petition was handed off on the 7th.Which is when the LTA staff scheduled me upon his return. The lack of Library staff is "Woefully Deficient" Roy v. Lamper, 465 F.3d 964 (9th Cir.2006) and is limited - Sossa v. Diaz, 729 F. 3d 1225, 1237 (9th 2013)
Please see ( EX 1A 5) the senior Librarian clearly states that"the lack of staff "continues"",and therefore "delays" in service and response are precedent.

The Respondent further asserts that the Petition for Writ of habeas Corpus (Third State Action) filed in the lower Superior Court  a  downward progression forecloses gap tolling, and starts a new round of challenges, Respondent cited Delhomme v. Ramirez, 340 F.3d 817,820 (9th Cir.2003) (Holding that a petiti oner begins a separate round of review "each time[he] files a new habeas petition at the same or lower level" of the court system.

Thus I assume Respondent is claiming that a complete round in the State of California is-filing in two State Courts and that a downward filing thus then ELIMINATES a THREE court syst em filing even if the claims remain the same on petition and the downward filing was within  60 days to a third court and

no court in the three court system has yet to entertain.

9.) The petition (third state action) filed in the lower Superior Court IS the petition the Court of Appeal of the State of California Third Appellate District Denied WITHOUT prejudice TO filing in the 'superior court'( In re Steele (2004) 32 Cal.4th 682,692; In re Hillery (1962) 202 Cal.App. 2d 293)

The third state action consisted of the same claims, and as in(Cross v. Sisto (9th Cir 2012 676 F.3d 1172) allowed the time and refiling in the trial court upon a court of appeal denial WITHOUT prejudice TO filing in a lower court and tolled the statute.

The court of appeal had subject matter jurisdiction and Could have entertained the petition as stated in Cross

Further more the Court of Appeal ruling was taken as directive since it clearly states denied without prejudice to filing in superior court. Could have ruled otherwise, and due to the issues raised on the Writ of habeas Corpus Petition (Ground 4) (I.A.C of trial counsel failure to present an I.A.C claim on arraignment counsel for consenting to the prosecutions request to the release of a vehicle, in a traffic accident where Causation is an issue)

10) The Court of Appeals denial was then taken as, that infact the lower Superior Court was better suited to address some of the claims, since the destruction of the vehicle raises the issue of whether due process -- a constitutional right was denied ; at the very least an evidentiary hearing merited.

On direct appeal numerous exhibits were  not incorporated Thus the claims on the Writ of Habeas Corpus Petition provides supporting evidence and those exhibits (see Exhibit L & M of the Writ petition) that  demonstrate arraignment counsel who consented to the release of vehilce DID NOT inspect vehicle, or view the numerous CHP/MAIT reconstruction experts photos of vehicle. This then contradicting the Direct Appeal oppinion and assumption,(See Court of Appeals unpublished opinion C072041 pages 15-16).

1   Quote " Moreover, Pacheco could have determined that the
2   evidence gathered by MAIT, including numerous photographs of
3   the Oldsmobile, was sufficient and that an actual inspection was
    unneccessary". This being one of the larger points of the
4   claimss for relief, and the urgency to address this clear error;
5   Pacheco (the arraignment attorney) DID NOT inspect vehicle nor
    photographs of vehicle, TO the CONTRARY per exhibits (L & M)
6   on the writ of habeas he had intentions to do so. Never the less
7   ("- the release of vehicle consent was prior to MAIT gathering
8   evidence numerous months prior to MAIT conclusion. Thus gross
    incompetence by counsel straight to the heart of a Miscarriage of
9   justice based on the Exculpatory Value of this evidence.")

10  "It is unreasonable for a state court to resolve credible
11  disputed issues of meterial fact without holding an evidentiary
12  hearing or resolving the dispute on the basis of sworn declar-
    ation" ( Taylor v. Maddox 366 F.3d 992 (9th Cir.2004), Hurl v.
13  Ryan, 752 F.3d 768 (9th Cir.2014)) Doody v. Ryan, 649 F.3d 986,
14  1021 (9th Cir.2011); Milke v. Ryan, 711 F.3d 998, 1107 (9th Cir
15  2013); Amado v. Gonzalez, 758 F.3d 1119, 1136 (9th Cir.2014)

16
17  11.) Thus filing in the Superior Court was the interpretation
    and either way necessary, and Supreme Court could have determ-
18  ined like-wise, and an actual Complete round commencing at that
19  point specifically due to the claims raised.

20  [ The  Superior Court filing(third state action) filed a
21  denial on March 22, 2018 (Procedural Default)(Waltreus) cited
    which does not preclude federal review.]
22  (Artuz v.Bennett ( 2000)  531 U.S 4,8-11)[do not prevent
23  tolling only indiviual claims not the application, thus the
24  procedural default on individual claims not the application
    toll till reasonable time filing in the next level]the federal
25  petition however is timely because of the first state action,
26  court of appeal properly submitted petition and also because
27  the petitions per Mail Box Rule is prior to the Nov 8th date.

28

1   12.) The respondent further argues that because the petitioner
2   waited till the last day to file,that demonstrated a lack of
3   diligence,.

4   First I would like to note that the Respondent filed the
    motion to dismiss on the 59th day of the District Courts order
5   to respond within 60 days, this is hypocracy at it's finest, the
6   Respondents final comments on diligence, the Respondent having
7   an arsenal of resources, staff, not to mention modernized techn-
    ology to make job objectives more efficient and prompt, even the
8   Law Library Staff here in this backward prison would say "it
9   would be nice to have adequate and sufficient staff".

10  Never the less diligence has existed, will continue to exist,
    also numerous docs have been filed including letters to courts
11  and additional attempts of relief sought. (See ex 5E) A request
12  to the Attorney General Conviction Review Unit Jackey Lacys
13  office of Los Angeles.

14  Furthermore the case is complex the fact that the Court of
15  Appeal of California on direct appeal oppinion clearly undermi-
    nes the standard for Strickland in their determination which
16  was both unreasonable & incorrect , Counsels egregious consent
17  of release of vehicle resulted in an adverse"different"  out-
18  come, and in combination to the Cell phone evidence a jury did
    not hear met the Strickland standards beyond. For those reasons
19  including now an additional issue recently surface having to do
20  with the prosecutions forensic expert pathologist testimony and
21  analysis-findings-opines being the forefront of the District
    Attorney Office investigations makes it atleast 3 issues direct
22  ly to evidence of Causation, that I a untrained legal expert
23  have to deal with in a prison that has a "woefully deficient
24  Law Library" and my scarce resources.

25  13.) In addition to the reasons for a Nov. 8th filing mentioned,
26  On October 26, 2017 the Prison Mail Room received 3 boxes of my
27  legal files each box approx 19lbs in wt. The Mail Room did not
    allow based on sender was not defined as a lawyer, notice was
28  provided of return to sender no other option, thus the prison
    deprived me access to my legal papers (2Bs8,9,10,11)-as in

1  (Espinoza-Matthews v. Califonia, 432 F.3d 1021 (9th Cir.2005)

2     The boxes that the prison returned to sender only one made
3  it back to sender the other 2 are lost or destroyed, and postal
   service is still trying to locate, there is an open investigat-
4  ion into this issue that in addition is causing heart ache,
5  and litigation, the sender indicated that the box received was
   compromised/ and that the postal service documented boxes were
6  noted as damaged, this all still being looked into, however the
7  prison indicates that when they received the Boxes containing
8  legal files they were already damaged,..the prison did not men-
   tion until an institutional request was submitted, (3C 13,2B9)
9

10  14.) The prison upon receipt of the Legal Mail did not give
11  an option as to whether I could appeal the issue and had the
    files remain pending the appeal, I believe this was malicious
12  their reasoning is that since they are not considered nor fall
13  under Legal Mail since the sender is not a lawyer (2B 12).Theres
14  lawyers who work at the entity(Legal Insights Inc.) that the
    mail was unauthorized as certified mail and therefore over the
15  acceptable weight limit,  which would mean that the 3 boxes of
16  files would have to be broken up into .13 ounce mail, all 3
17  boxes that were approximately 60 LBS. This created a state
    imposed impediment.Denying access... Another option could have
18  been to provide the mail under non legal mail.

19     The group Legal Insights Inc... of Laguna Hills, has pre-
20  vously on numerous occassions sent legal mail, infact two weeks
21  prior,legal mail from this group was allowed in as Legal Mail
22  (see ex 4D 14)  incoming mail Randy Soderstrom ) Randy is the
    director of Legal Insights Inc. ( 2B 12) an has) throughout
23  a year period Legal Insights has forwarded mail. (4D 14)

24
25     15.) The denial of the case files/documents was unforseen,
    and numerous federal case law supports that a petitioner is
26  able to anticipate his/her 365 days,. In Dickershaid v. Martel,
27  648 F. App'x 618, 621 (9th Cir. 2016) (petitioner was entitled
    to equitable tolling when prison officials confiscated his
28  legal materials with only two days remaining in one year statue-

1          •

2

3    With the foremention I plead upon this court that the motion
     to dismiss this action by the Respondent as time barred be
4
     denied, and that the Stay & Abeyance be granted, or claims as
5    all exhausted, further the ninth Circuit has joined other
6    circuits in holding that a Stay and Abeyance can be sought,
     even if the petition does not contain anything but unexhausted
7
     claims. (Mena v.Long, 813 F.3d 907 (9th Cir.(Cal.) Feb 17 2016)
8
     Thus ultimately court should rule petition timely.
9

10

11

12    Respectfully submitted,

13

14    Benjamin Serratos III

15    Petitioner Pro Per.                    date May 31, 2018

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE BY MAIL

(C.C.P. Sec. 101a #2015-5, U.S.C. Sec. 1740)

I, **Benjamin Serratos**_____, am a resident of Pelican Bay State Prison, in the County of

Del Norte, State of California. I am over the age of eighteen (18) years and am a party to this action.

My State Prison address is: Pelican Bay State Prison, P.O. Box 7500, Housing Unit __**B-1**__ Cell

Number **132**, Crescent City, CA 95532-7500.

On the ___**31**$^{st}$__ day of __**May    2018**_____, I served the following (set forth the exact

title of document[s] served):

OPPOSITION TO ATTORNEY GENERAL's MOTION TO DISMISS
SUPPORTING EXHIBITS.

On the party(s) herein by placing a true copy(s) thereof, enclosed in a sealed envelope(s), with

postage thereon fully paid, in the United States mail, in a receptacle so provided at Pelican Bay State

Prison, Crescent City, CA 95532, and addressed as follows:

| | |
|---|---|
| United States District Court | Xavier Becerra,State Bar #118517 |
| Eastern District of California<br>501 Ist ..ste 4-200 | Attorney General of California<br>Tami M.Krenzin SB# 183925 |
| Sacramento, California 95814 | Darren K. Indermill, SB# 252122<br>1300 I Street, Suite 125 |
| Office of the Clerk | P.O Box 944255<br>Sacramento, Ca. 94244 |

I declare under penalty of perjury that the foregoing is true and correct:

_____     May 31, 2018

Inmate Signature                  Date

Facility A Law Library
Rev. 10/2007

# EXHIBIT

A

1)

Benjamin Serratos #AM 3717
P.O BOX  7500     B 1 132

Crescent City, Ca. 95532

November 8, 2017

Clerk of the Supreme Court
Of California..

Court of Appeals #
     C072041

Superior Court #

In The Supreme Court of the
State of California          SF 115116A

350 McAllister
San Francisco Ca, 94102

Greetings, I did my best to try and put together a Writ with
the supporing documents as Organized as I could, I apologize
if it is not exactly up to par, I am in a restricted custody
setting, the Law Clerk was out for over a week, and I was only
able to provide 2 sets of copies, .

I've encluded one extra copy if it is possible can you please
stamp and return.

Thank you.

Respectfully,


Benjamin Serratos #AM 3717

②

November 16,2017

RCGP B-1 Facility did not have access to Law Library on the following dates... D.EWING  WAS  OUT  DUE  TO  TRAINING

October 30th 31st - November 1st 2nd, 3rd,4th,&5hh.  2017.

On November 7th  LTA D.Ewing was hand delivered a Petition for Writ of Habeas Corpus for copying and mail out purpose.From inmate Serratos.

On November 8th Copies of petitions were provided to Inmate Serratos #AM 3717, along with Legal Mail Envelopes so that Inmate Serratos could Mail out as time was insufficient at law library to handle the Mail Outs.

_D.Ewing   LTA/B-Facility_ Law Library.

16 NOV 17
Date

④

*THIS IS MY 6TH REQUEST* ✓

**\*Select One**

☐ Kiosk Library Access (Default Service)
   Access to the LexisNexis Legal computer for RESEARCH PURPOSES only

☒ Physical Library Access
   Legal Mail-out's, law clerk access

### Pelican Bay State Prison
### LAW LIBRARY ACCESS REQUEST

NAME: ___SERRATOS___   CDC#: _AM3717_   BLDG/CELL#: _B1132_

WORK/TRAINING ASSIGNMENT: _____   HOURS: _____   RDO's: _____

Do not submit this request if you are on lockdown status unless you are claiming Priority Legal User (PLU) status. You must be acting as your own attorney and have a verifiable legal deadline within thirty (30) days in order to qualify for PLU status. It is your responsibility to notify library staff of any pending legal deadline, bed move, or change in regular days off.

Specifically state the reason(s) you are requesting library access:

___I AM PRO-PER - DOING MY STATE/FED WRITS___
___I HAVE DEADLINE (AEDPA) ?!!!!___

\*If you are granted PLU for law library access, please communicate with library staff on the form of library access you require.

_____ This is my first visit.

☒ This is a ~~subsequent~~ **2ND** visit. Date of last visit: _I'VE ONLY HAD ACCESS - ONCE IN 1 YEAR !!!_

*I NEED PLU*  I claim PLU status: _____   Court: _____

Case Number: _C072041_   Deadline: _NOV 2017_
(If you indicate that you are a PLU, but cannot provide proof indicating a court deadline, you are in violation of D. R. 3021 and Subject to a CDC 115.)

*QUIT BEING LAZY LOOK IT UP*

Law Library users must adhere to the following access conditions:

1. Prison dress code applies.
2. Food, canteen, and other non-legal items are prohibited.
3. Any misconduct, abuse of the books or equipment may result in disciplinary action and suspension of Law Library access for up to ninety (90) days.

Your signature represents that you have read and understood the above-stated information. Unsigned requests will be returned to sender.

SIGNATURE: _[signature]_   DATE: _8/27/2017_

..........................................................

**FOR STAFF USE ONLY**

Date Received: _8/30/17 (PLU)_   Date Scheduled: _____   Accessed: _8/30/17_

Request Granted / Denied by _J. Kirok, Sr. Librarian_   Date: _8/30/17_

COMMENTS: _Please see attached regarding PLU eligibility. It is not my job to look up your case information. If you require PLU status it is incumbent upon you to provide verification_

③

# PELICAN BAY STATE PRISON
## LEGAL MATERIAL REQUEST

PELICAN BAY STATE PRISON
UNIT B-1

NAME _SERRATOS_   CDC NO: _AM3717_   CELL: _132_   DATE: _10/29/17_

If you do not require physical access to the law library but need copies of legal work, supplies, legal forms, case law, or information, submit this form through the institutional mail. When requesting case law along with legal supplies, forms, or copies, submit two trust withdrawals. Case law is on a loan basis only (limit 30 pages, or three cites) and cannot be purchased. All case law must be returned before another request is accepted.

## **THE LAW BOOKS WILL NOT BE SENT TO CELLS**
### WRITE THE FORM NAME AND NUMBER (REVERSE SIDE) OR CASE NAME AND CITE CLEARLY

1. I NEED TO MAKE   6. COPIES · BY WEDNESDAY·
2. I'M ON A DEADLINE   7. AEOPA — WITH WRIT·
3. I ALSO NEED TO   8. D8 A MAIL CUT··
4. Please · It's   9. VITAL·· I Get
5. THIS DONE   10.

DATE RECEIVED _NOV 0 6 2017_   PAGED BY: _____   DATE RETURNED TO INMATE _NOV 0 6 2017_

Mr. Serratos this is wrong form for request to Access Law Library.
Schedules  8NOV 2017 — AFTERNOON

STATE OF CALIFORNIA
CDC - 193 (7/88)

DEPARTMENT OF CORRECTIONS

## TRUST ACCOUNT WITHDRAWAL ORDER

Date _____ 20 _____

To: Warden          Approved _____

I hereby request that my Trust Account be charged $ _____ for the purpose stated below, and authorize the withdrawal of that sum from my account:

_____          _____
NUMBER                                NAME (signature please DO NOT PRINT)

State below the PURPOSE for which withdrawal is requested (do not use this form for Canteen or Hobby purchase)

PRINT PLAINLY BELOW name and address of person to whom check is to be mailed.

PURPOSE _____          NAME _____

                               ADDRESS _____
                               HOUSING

# LEGAL

# LAW LIBRARY -

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE**
CDCR 22 (10/09)

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print) (LAST NAME) (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|
| SERRATOS BENJAMIN | AM3717 | |

| HOUSING/BED NUMBER: | ASSIGNMENT: | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|
| B1 132 | | HOURS FROM_____ TO_____ |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW: I AM REQUESTING ACCESS TO
LAW LIBRARY - I HAVE DEAD LINES. I PREVIOUSLY PROVIDED DOCU-
MENTION TO SUPPORT THAT & NEED FOR PLU PLEASE. I HAVE
NOT BEEN RESPONDED TO NOR SCHEDULED ACCESS TO LAW LIBRARY

METHOD OF DELIVERY (CHECK APPROPRIATE BOX ) **\*\*NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED \*\***

☐ SENT THROUGH MAIL: ADDRESSED TO:_____     DATE MAILED: ___/___/___

☒ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? |
|---|---|---|---|
| D.MTCHEM | 5/22/18 | | (CIRCLE ONE)   YES   NO |

| IF FORWARDED – TO WHOM: | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: (CIRCLE ONE)   IN PERSON   BY US MAIL |
|---|---|---|

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| D. KUSK, Sr. Lib. | 05/23/18 | | 05/24/18 |

Inmate Serratos: I apologize for the delay.
Because yes, you PLU was approved, however, due
to Mr. Ewings recent absence, and due continued lack of
Library staff, we were unable to provide law library
access for the couple of weeks. You will be scheduled for
access as soon as possible.

## SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|

Distribution: Original - Return to Inmate/Parolee; Canary - Inmate/Parolee's 2nd Copy; Pink - Staff Members Copy; Goldenrod - Inmate/Parolee's 1st Copy.

R. FACILITY —

**\*Select One**

☒ Kiosk Library Access (Default Service)
Access to the LexisNexis Legal computer for RESEARCH PURPOSES only.

☒ Physical Library Access
Legal Mail-out's, law clerk access

PELICAN BAY STATE PRISON
UNIT B-1 Bldg 132

## Pelican Bay State Prison
### LAW LIBRARY ACCESS REQUEST

NAME: Secratos    CDC#: AM 3717    BLDG/CELL#: B-1 Bldg 132

WORK/TRAINING ASSIGNMENT: _____    HOURS: _____    RDO's: _____

Do not submit this request if you are on lockdown status unless you are claiming Priority Legal User (PLU) status. You must be acting as your own attorney and have a verifiable legal deadline within thirty (30) days in order to qualify for PLU status. It is your responsibility to notify library staff of any pending legal deadline, bed move, or change in regular days off.

Specifically state the reason(s) you are requesting library access:

I am requesting PLU for Research- and to meet deadlines "Please" and ASAP —

\*If you are granted PLU for law library access, please communicate with library staff on the form of library access you require.

_____ This is my first visit.

_____ This is a subsequent visit. Date of last visit: _____

__✗__ I claim PLU status:    Court: COA 3RD District
Case Number: C 085888                      , Deadline: ~~_____~~
(If you indicate that you are a PLU, but cannot provide proof indicating a court deadline, you are in violation of D. R. 3021 and
Subject to a CDC 115.)            Benjamin Secratos #H

Law Library users must adhere to the following access conditions:

1. Prison dress code applies.
2. Food, canteen, and other non-legal items are prohibited.
3. Any misconduct, abuse of the books or equipment may result in disciplinary action and suspension of Law Library access for up to ninety (90) days.

Your signature represents that you have read and understood the above-stated information. Unsigned requests will be returned to sender.

SIGNATURE: _____    DATE: 11/28/17

...........................................................................................................................................................

### FOR STAFF USE ONLY

Date Received: NOV 29 2017    Date Scheduled: _____    Accessed: _____
Request Granted / Denied by: PLU    ✗ Kiosk St. Lib.    Date: 11/29/17
COMMENTS: Please provide supporting documentation.
Unable to verify a current/ impending deadline.



PELICAN BAY STATE PRISON

Select One

____ Local Library Access (Consult Service)
____ Access to the LexisNexis Legal computer for RESEARCH PURPOSES only

[X] Physical Library Access
    Legal Materials to obtain access

Pelican Bay State Prison
## LAW LIBRARY ACCESS REQUEST

NAME: __SERRATOS__   CDC#: __AM3717__   BLDG/CELL#: __B-1-132__

WORK/TRAINING ASSIGNMENT: _____   HOURS: _____   RDO's: _____

Do not submit this request if you are on lockdown status unless you are claiming Priority Legal User (PLU) status. You must be acting as your own attorney and have a verifiable legal deadline within thirty (30) days in order to qualify for PLU status. It is your responsibility to notify library staff of any pending legal deadline, bed move, or change in regular days off.

Specifically state the reason(s) you are requesting library access:

" I NEED TO MAKE COPIES & YOU HAVE MY IFP - I HAVE BEEN TRYING TO GET DUCATED FOR LAW LIBRARY FOR OVER 30 DAYS !! IT IS URGENT I HAVE TO MAIL OUT MY WRITT... & COURT DOCS...

*If you are granted PLU for law library access, please communicate with library staff on the form of library access you require.

____ This is my first visit.

[X] This is a subsequent visit. Date of last visit: EARLY NOVEMBER.

____ I claim PLU status:   Court: _____

Case Number: _____, Deadline: _____

(If you indicate that you are a PLU, but cannot provide proof indicating a court deadline, you are in violation of D. R. 3021 and Subject to a CDC 115.)

Law Library users must adhere to the following access conditions:

1. Prison dress code applies.
2. Food, canteen, and other non-legal items are prohibited.
3. Any misconduct, abuse of the books or equipment may result in disciplinary action and suspension of Law Library access for up to ninety (90) days.

Your signature represents that you have read and understood the above-stated information. Unsigned requests will be returned to sender.

SIGNATURE: _____   DATE: 12/26/17

..........................................................................

### FOR STAFF USE ONLY

Date Received: __DEC 2 7 2017__   Date Scheduled: _____   Accessed: _____

Request Granted / Denied by  Ewing  LTA   Date: __JAN 4 2018__

COMMENTS: __Mr. Serratos declined to have any copies____ _mode, and or Mail Out.__

# EXHIBIT 2 B.

POSTAGE REQUIRED $0.000 — ENVELOPE REQUIRED 16" × 12"

## NOTIFICATION OF DISAPPROVAL – MAIL/PACKAGES/PUBLICATIONS

| INMATE'S NAME | HOUSING | CDC NUMBER |
|---|---|---|
| Serratos, B. | B1-132 | AM3717 |

## MAIL/PACKAGES SECTION (Complete for mail or package cases only)

☒ INCOMING MAIL/PACKAGE  ☐ OUTGOING MAIL/PACKAGE

LIST ITEM(S) WHICH MEET DISAPPROVAL CRITERIA

1 package delivered as First-Class mail. (Weight of package 19 lb. 13.06 oz.) TRACKING # is Unavailable

DESCRIPTION OF MATERIAL THAT MEETS DISAPPROVAL CRITERIA, INCLUDE CCR, TITLE 15 SECTION

CCR Title 15, 3134 (a)(11) The weight limit for First Class Mail is 13 ounces, and for Standard Mail 16 ounces. Any unacceptable mail shall be immediately returned to the sender with the envelope annotated "Unauthorized Mail, Return to Sender"

| DISPOSITION | SENDER INFORMATION | | |
|---|---|---|---|
| ☐ HELD PENDING INVESTIGATION/APPEAL | FIRST NAME   MI | LAST NAME | |
| ☒ RETURNED TO SENDER _____ (Date) | RANDY SODERSTROM | LEGAL INSIGHTS, INC. | |
| | ADDRESS (NUMBER AND STREET) | | |
| | 25401 ALICIA PKWY. #L323 | | |
| ☐ DESTROYED | CITY | STATE | ZIP CODE |
| *(INMATE HAS THIRTY (30) DAYS, AFTER NOTIFICATION OF DISAPPROVAL HAS BEEN FORWARDED, TO LET STAFF KNOW THE CHOICE OF DISPOSAL, OTHERWISE MATERIAL WILL BE DESTROYED). | LAGUNA HILLS | CA | 92653-1958 |
| | I ACKNOWLEDGE RECEIPT OF THIS NOTIFICATION: (INMATE'S SIGNATURE) | | DATE SIGNED |

### AUTHORITY TO DISALLOW (Must be completed in all cases)

| PRINTED NAME OF WARDEN'S DESIGNEE | SIGNATURE OF WARDEN'S DESIGNEE | DATE SIGNED | DATE FORWARDED TO INMATE |
|---|---|---|---|
| | | 12/31/17 | OCT 3 1 2017 |

## PUBLICATIONS SECTION (Complete for publication cases only)

| TITLE OF PUBLICATION (Include issue/date) | PUBLISHER | PAGE(S) WHICH MEET DISAPPROVAL CRITERIA |
|---|---|---|
| | | |

DESCRIPTION OF MATERIAL THAT MEETS DISAPPROVAL CRITERIA, INCLUDE CCR. TITLE 15 SECTION

| DISPOSTION | DESIGNEE INFORMATION | | |
|---|---|---|---|
| ☐ HELD PENDING INVESTIGATION/APPEAL | FIRST NAME   MI | LAST NAME | |
| ☐ DESTROYED | | Pelican Bay State Prison | |
| ☐ RETURNED TO OUTSIDE DESIGNEE AT INMATE'S EXPENSE _____ (Date) | ADDRESS (NUMBER AND STREET) | NOV 3 0 2017 | |
| **(INMATE HAS THIRTY (30) DAYS, AFTER NOTIFICATION OF DISAPPROVAL HAS BEEN FORWARDED, TO LET STAFF KNOW THE CHOICE OF DISPOSAL, OTHERWISE MATERIAL WILL BE DESTROYED). | CITY | STATE | ZIP CODE |
| | | Appeals Office | |
| | I ACKNOWLEDGE RECEIPT OF THIS NOTIFICATION: (INMATE'S SIGNATURE) | | DATE SIGNED |

## AUTHORITY TO DISALLOW (Must be completed in all cases)

| FACILITY CAPTAIN'S PRINTED NAME | FACILITY CAPTAIN'S SIGNATURE | DATE SIGNED | DATE FORWARDED TO INMATE |
|---|---|---|---|
| | | | |

*ALL APPEALS REGARDING MAIL/PACKAGES SHALL BE REFERRED TO THE WARDEN'S DESIGNATED STAFF
**ALL APPEALS REGARDING PUBLICATIONS SHALL BE REFERRED TO THE FACILITY CAPTAIN

MAIL ROOM # 6

POSTAGE REQUIRED: $0.00    ENVELOPE REQUIRED: 9" X 12"

# NOTIFICATION OF DISAPPROVAL – MAIL/PACKAGES/PUBLICATIONS

| INMATE'S NAME | HOUSING | CDC NUMBER |
|---|---|---|
| Serratos, B. | B1-132 | AM3717 |

## MAIL/PACKAGES SECTION (Complete for mail or package cases only)

☒ INCOMING MAIL/PACKAGE          ☐ OUTGOING MAIL/PACKAGE

LIST ITEM(S) WHICH MEET DISAPPROVAL CRITERIA

1 package delivered as First-Class mail. (Weight of package 18 lb. 6.02 oz.) TRACKING #9405803699300522754382

DESCRIPTION OF MATERIAL THAT MEETS DISAPPROVAL CRITERIA, INCLUDE CCR, TITLE 15 SECTION

CCR Title 15, 3134 (a)(11) The weight limit for First Class Mail is 13 ounces, and for Standard Mail 16 ounces.  Any unacceptable mail shall be immediately returned to the sender with the envelope annotated "Unauthorized Mail, Return to Sender"

| DISPOSITION | SENDER INFORMATION | | |
|---|---|---|---|
| ☐ HELD PENDING INVESTIGATION/APPEAL | FIRST NAME<br>RANDY SODERSTROM | MI | LAST NAME<br>LEGAL INSIGHTS, INC. |
| ☒ RETURNED TO SENDER _____<br>(Date) | ADDRESS (NUMBER AND STREET)<br>25401 ALICIA PKWY. #L323 | | |
| ☐ DESTROYED | CITY<br>LAGUNA HILLS | STATE<br>CA | ZIP CODE<br>92653-1958 |
| *(INMATE HAS THIRTY (30) DAYS, AFTER NOTIFICATION OF DISAPPROVAL HAS BEEN FORWARDED, TO LET STAFF KNOW THE CHOICE OF DISPOSAL, OTHERWISE MATERIAL WILL BE DESTROYED). | I ACKNOWLEDGE RECEIPT OF THIS NOTIFICATION: (INMATE'S SIGNATURE) | | DATE SIGNED |

### AUTHORITY TO DISALLOW (Must be completed in all cases)

| PRINTED NAME OF WARDEN'S DESIGNEE | SIGNATURE OF WARDEN'S DESIGNEE | DATE SIGNED<br>10/31/17 | DATE FORWARDED TO INMATE<br>OCT 3 1 2017 |
|---|---|---|---|

## PUBLICATIONS SECTION (Complete for publication cases only)

| TITLE OF PUBLICATION (Include issue/date) | PUBLISHER | PAGE(S) WHICH MEET DISAPPROVAL CRITERIA |
|---|---|---|
| | | |

DESCRIPTION OF MATERIAL THAT MEETS DISAPPROVAL CRITERIA, INCLUDE CCR. TITLE 15 SECTION

| DISPOSTION | DESIGNEE INFORMATION Pelican Bay State Prison | | |
|---|---|---|---|
| ☐ HELD PENDING INVESTIGATION/APPEAL | FIRST NAME | MI | LAST NAME<br>NOV 3 0 2017 |
| ☐ DESTROYED | ADDRESS (NUMBER AND STREET) | | Appeals Office |
| ☐ RETURNED TO OUTSIDE DESIGNEE<br>AT INMATE'S EXPENSE<br>(Date) | CITY | STATE | ZIP CODE |
| **(INMATE HAS THIRTY (30) DAYS, AFTER NOTIFICATION OF DISAPPROVAL HAS BEEN FORWARDED, TO LET STAFF KNOW THE CHOICE OF DISPOSAL, OTHERWISE MATERIAL WILL BE DESTROYED). | I ACKNOWLEDGE RECEIPT OF THIS NOTIFICATION: (INMATE'S SIGNATURE) | | DATE SIGNED |

## AUTHORITY TO DISALLOW (Must be completed in all cases)

| FACILITY CAPTAIN'S PRINTED NAME | FACILITY CAPTAIN'S SIGNATURE | DATE SIGNED | DATE FORWARDED TO INMATE |
|---|---|---|---|
| | | | |

**\*ALL APPEALS REGARDING MAIL/PACKAGES SHALL BE REFERRED TO THE WARDEN'S DESIGNATED STAFF**
**\*\*ALL APPEALS REGARDING PUBLICATIONS SHALL BE REFERRED TO THE FACILITY CAPTAIN**

## NOTIFICATION OF DISAPPROVAL – MAIL/PACKAGES/PUBLICATIONS

| INMATE'S NAME | HOUSING | CDC NUMBER |
|---|---|---|
| Serratos, B. | B1-132 | AM3717 |

## MAIL/PACKAGES SECTION (Complete for mail or package cases only)

☒ INCOMING MAIL/PACKAGE          ☐ OUTGOING MAIL/PACKAGE

LIST ITEM(S) WHICH MEET DISAPPROVAL CRITERIA

1 package delivered as First-Class mail. (Weight of package 19 lb. 6.06 oz.) TRACKING #9405803699300522754405

DESCRIPTION OF MATERIAL THAT MEETS DISAPPROVAL CRITERIA, INCLUDE CCR, TITLE 15 SECTION

CCR Title 15, 3134 (a)(11) The weight limit for First Class Mail is 13 ounces, and for Standard Mail 16 ounces. Any unacceptable mail shall be immediately returned to the sender with the envelope annotated "Unauthorized Mail, Return to Sender"

| DISPOSITION | SENDER INFORMATION | | |
|---|---|---|---|
| | FIRST NAME          MI | LAST NAME | |
| ☐ HELD PENDING INVESTIGATION/APPEAL | RANDY SODERSTROM | LEGAL INSIGHTS, INC. | |
| ☒ RETURNED TO SENDER _____ (Date) | ADDRESS (NUMBER AND STREET) 25401 ALICIA PKWY. #L323 | | |
| ☐ DESTROYED | CITY | STATE | ZIP CODE |
| *(INMATE HAS THIRTY (30) DAYS, AFTER NOTIFICATION OF DISAPPROVAL HAS BEEN FORWARDED, TO LET STAFF KNOW THE CHOICE OF DISPOSAL, OTHERWISE MATERIAL WILL BE DESTROYED). | LAGUNA HILLS | CA | 92653-1958 |
| | I ACKNOWLEDGE RECEIPT OF THIS NOTIFICATION: (INMATE'S SIGNATURE) | | DATE SIGNED |

### AUTHORITY TO DISALLOW (Must be completed in all cases)

| PRINTED NAME OF WARDEN'S DESIGNEE | SIGNATURE OF WARDEN'S DESIGNEE | DATE SIGNED | DATE FORWARDED TO INMATE |
|---|---|---|---|
| D Melton | Dmelton | 10/31/17 | OCT 3 1 2017 |

## PUBLICATIONS SECTION (Complete for publication cases only)

| TITLE OF PUBLICATION (Include issue/date) | PUBLISHER | PAGE(S) WHICH MEET DISAPPROVAL CRITERIA |
|---|---|---|

DESCRIPTION OF MATERIAL THAT MEETS DISAPPROVAL CRITERIA, INCLUDE CCR, TITLE 15 SECTION

Pelican Bay State Prison

NOV 3 0 2017

| DISPOSTION | DESIGNEE INFORMATION | | |
|---|---|---|---|
| | FIRST NAME          MI | LAST NAME | Appeals Office |
| ☐ HELD PENDING INVESTIGATION/APPEAL | | | |
| ☐ DESTROYED | ADDRESS (NUMBER AND STREET) | | |
| ☐ RETURNED TO OUTSIDE DESIGNEE AT INMATE'S EXPENSE _____ (Date) | CITY | STATE | ZIP CODE |
| **(INMATE HAS THIRTY (30) DAYS, AFTER NOTIFICATION OF DISAPPROVAL HAS BEEN FORWARDED, TO LET STAFF KNOW THE CHOICE OF DISPOSAL, OTHERWISE MATERIAL WILL BE DESTROYED). | I ACKNOWLEDGE RECEIPT OF THIS NOTIFICATION: (INMATE'S SIGNATURE) | | DATE SIGNED |

### AUTHORITY TO DISALLOW (Must be completed in all cases)

| FACILITY CAPTAIN'S PRINTED NAME | FACILITY CAPTAIN'S SIGNATURE | DATE SIGNED | DATE FORWARDED TO INMATE |
|---|---|---|---|

*ALL APPEALS REGARDING MAIL/PACKAGES SHALL BE REFERRED TO THE WARDEN'S DESIGNATED STAFF
**ALL APPEALS REGARDING PUBLICATIONS SHALL BE REFERRED TO THE FACILITY CAPTAIN

MAIL ROOM # 6

STATE OF CALIFORNIA
INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE
CDCR 22 (10/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PELICAN BAY STATE PRISON
UNIT B-1

## SECTION A: INMATE/PAROLEE REQUEST

11/15/17

| NAME (PRINT): (LAST NAME)   (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|
| SERRATOS    BENJAMIN | AM 3717 | |

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM_____ TO_____ | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| B-1-132 | J | | Mail, (LEGAL) |

I was notified that 3 boxes of my case files were returned to sender.
Can you provide the reason other than the boxes being over weight
why Legal Mail was not provided to me, I have dead lines and this
is depriving me my ability to properly and adequately proceed with
my legal work. I was also informed by family that the sender indicated
the return mail was compromised, damaged, and possibly missing files.

METHOD OF DELIVERY (CHECK APPROPRIATE BOX ) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED **

☐ SENT THROUGH MAIL:  ADDRESSED TO:_____   DATE MAILED: ___/___/___

☑ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? |
|---|---|---|---|
| Harper | 11-15-17 | | (CIRCLE ONE)   YES   NO |

| IF FORWARDED – TO WHOM: | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: (CIRCLE ONE)   IN PERSON   BY US MAIL |
|---|---|---|

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| M.S. | 11/17/17 | M.S. | 11/17/17 |

The Condition of the boxes received by the post office were damaged.
The Sender Randy Soderstrom, is not an attorney and his mailing does
not fit the criteria of Legal/confidential. Therefore the three boxes he
sent me considered over weight. If he wants to send your paperwork,
he will need to send it under 13oz. and they will be Searched, per
policy.

## SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL.  KEEP FINAL CANARY COPY.

Pelican Bay State Prison

NOV 3 0 2017

Appeals Office

| SIGNATURE: | DATE SUBMITTED: |
|---|---|

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|

PELICAN BAY STATE PRISON
UNIT B-1

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1



1801676

AM3717

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | PBSP B-17-03048 | | 3 7 |

*FOR STAFF USE ONLY*

You ma[y]___ d Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.     WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): SERRATOS S | CDC Number: AM3717 | Unit/Cell Number: B1 132 | Assignment: Pelican Bay State Prison |
|---|---|---|---|

- State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

LEGAL MAIL RETURNED & DAMAGED - DESTROYED

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): ON OR AROUND
10-31-17 MY LEGAL MAIL WAS DISAPPROVED BY THE MAILROOM. I WAS
NOTIFIED AND THE LEGAL MAIL WAS RETURNED TO SENDER. HOWEVER IT ARRIVED
DAMAGED/DESTROYED. THIS HAS OBSTRUCTED MY ACCESS TO THE COURTS
B. Action requested (If you need more space, use Section B of the CDCR 602-A): (1) REIMBURSEMENT
FOR DAMAGED/DESTROYED CONFIDENTIAL LEGAL MAIL THAT PBSP STAFF
RETURNED TO SENDER. NOV 30 2017



Supporting Documents: Refer to CCR 3084.3.
☑ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):
22 FORM 11-17-17
(1) CDCR 1819 FORMS/NOTICES

☐ No, I have not attached any supporting documents. Reason :_____

Inmate/Parolee Signature: _____ Date Submitted: 11/23/17

☐ By placing my initials in this box, I waive my right to receive an interview.

C. First Level - Staff Use Only                         Staff – Check One: Is CDCR 602-A Attached?  ☐ Yes  ☑ No
This appeal has been:
☑ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)  Date: _____
☐ Accepted at the First Level of Review.
   Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
   Date of Interview: _____ Interview Location: _____
   Your appeal issue is:  ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other:_____
   See attached letter.  If dissatisfied with First Level response, complete Section D.
Interviewer: _____ Title: _____ Signature: _____ Date completed:_____
            (Print Name)
Reviewer: _____ Title: _____ Signature: _____
         (Print Name)
Date received by AC:_____

| | AC Use Only Date mailed/delivered to appellant ___ / ___ / ___ |
|---|---|



PELICAN BAY STATE PRISON
UNIT B-1

## PELICAN BAY STATE PRISON
## SECOND LEVEL REVIEW

DATE: **JAN 1 7 2017**

Inmate: SERRATOS, AM3717
Pelican Bay State Prison
General Population
Facility: B1-132

RE:    WARDEN'S LEVEL DECISION                 APPEAL: **DENIED**
       APPEAL LOG NO. PBSP-B-17-03048          ISSUE: **MAIL**

This matter was reviewed by Jim Robertson, Warden (A), at Pelican Bay State Prison (PBSP). M. Hampson, Materials and Stores Supervisor I (M&SSI), conducted the appeal interview at the Second Level Review on December 21, 2017. All submitted documentation and supporting arguments have been considered, including the interview conducted at the Second Level Review. Additionally, a thorough investigation was conducted into the claim presented by the inmate and the documentation evaluated in accordance with PBSPs institutional procedures and the California Department of Corrections and Rehabilitation (CDCR) policies.

### ISSUE

The Appellant received a Notification of Disapproval-Mail/Packages/Publications, CDCR Form 1819, on October 31, 2017. The CDCR Form 1819 indicated a package delivered as First-Class Mail, was received for the Appellant. The package was disallowed based on the California Code of Regulations (CCR), Title 15, Section 3134 (a)(11). The Appellant submitted the Inmate/Parolee Appeal, CDCR Form 602, on November 28, 2017, to dispute the CDCR Form 1819. The Appellant stated on the CDCR Form 602, Section A, that he received a CDCR Form 1819 on October 31, 2017, stating his confidential legal mail was disapproved and returned to sender by the PBSP Mailroom staff. The Appellant then claimed the mail arrived damaged and thus obstructed his access to the courts. The Appellant requests on his CDCR Form 602, Section B, that PBSP reimburse the Appellant for the damaged and destroyed confidential legal mail that the PBSP Mailroom staff returned to sender.

The First Level Review was bypassed.

### EFFECTIVE COMMUNICATION

M. Hampson, M&SSI, reviewed the Disability and Effective Communications System. The Appellant has a current Test of Adult Basic Education score of 8.5 and the documentation

\\ Second Level Appeal Response
SERRATOS, AM3717
Appeal Log No. PBSP-B-17-003048
Page 2

indicates effective communication was achieved through simple English, spoken slowly and clearly. The Appellant provided appropriate responses to questions asked and asked appropriate questions regarding the information provided.

FINDINGS

I

The CDCR Form 1819 was reviewed and signed by D. Melton, Captain, on October 31, 2017. M. Hampson, M&SSI, interviewed the Appellant on December 21, 2017. During the interview, it was explained to the Appellant that the PBSP Mailroom staff returned the package to the sender due to the weight limit for First-Class Mail, which is not to exceed 13 ounces. It was explained to the Appellant that the package was disallowed based on the package weighing 19 pounds and 6.06 ounces. The package arrived damaged from the United States Postal Service (USPS). It was explained to the Appellant the package was not classified as legal mail due to not having an attorney's name and state bar number on the returned address. The Appellant tried to explain that Randy Soderstorm is an attorney for Legal Insights, Inc. It was explained to the Appellant the Mailroom has a letter from the Legal Insights, Inc. website, providing documentation that Randy Soderstrom is not an attorney but provides post-conviction assistance under the supervision of licensed attorneys. Therefore, the packages were returned to sender per the CCR, Title 15, Section 3134, (a)(11), which states in part, *"The weight limit for First-Class Mail is 13 ounces, and for Standard Mail is 16 ounces... Any unacceptable mail shall be immediately returned to the sender with the envelope annotated 'Unauthorized Mail, Return to Sender.' Inmates shall be noticed pursuant to section 3136."* The Appellant was given the opportunity to ask questions and to add additional information to his explanation, which he declined. At the end of the interview, the Appellant stated he would not withdraw at this time and will continue his appeal to the next level.

II

The CDCR Form 1819 documents the material being disapproved as it violates the CCR, Title 15, Section 3134 (a)(11) listed below:

*3134 (a)(11)*
*"The weight limit for First-Class Mail is 13 ounces, and for Standard Mail is 16 ounces. Any unacceptable mail shall be immediately returned to the sender with the envelope annotated 'Unauthorized Mail, Return to Sender.' Inmates shall be noticed pursuant to section 3136."* ·

III

This Second Level Appeal Review involved a thorough review into the matter as it is presented in the appeal. The Appellant was given a choice to use the appeals process if he disagreed with the

CDCR Form 1819, which disallowed the package due to the weight limit exceeding 13 ounces. There is no new policy covering this type of material. The CCR, Title15, Section 3134 (a)(11), explains the elements of the issue and the position PBSP has taken on this.

## DETERMINATION OF ISSUE

The Second Level Reviewer examined all the pertinent documents, including all information received during the Second Level Interview. This information was accurately documented on the CDCR Form 1819 and was reviewed by a Captain or above as required by current regulations. Based upon a review of all of the available information, the package was disallowed based on the CCR, Title 15, Section 3134 (a)(11). The Appellant's request to be reimbursed for the confidential legal mail that PBSP Mailroom staff returned to sender is **DENIED**. After a close review of this matter and based on the above information, this appeal is **DENIED** at the Second Level Review.

## MODIFICATION ORDER

No modification of this decision or action is required.

JIM ROBERTSON
Warden (A)



# LEGAL INSIGHTS INC.

Post-Conviction Specialists

**HOME    ABOUT US    PROGRAMS    NEWS    LINKS    MEDIA    SELF-HELP    DONATE    CONTACT**

Home » About Us » Staff

## Staff

### Randy Soderstrom, Director, Post-Conviction Specialist

Bringing his 17+ years of experience in post-conviction habeas corpus practice and procedure, Mr. Soderstrom has established himself as one of the leading post-conviction specialists in the United States today. Randy has been with the Organization since its inception in 2013. Randy specializes in post-conviction assistance to incarcerated veterans, juvenile offenders and others. He is well versed in the research, preparation and presentation of state and federal petitions for writ of habeas corpus and other post-conviction remedies. Randy is not an attorney but provides post-conviction assistance under the supervision of licensed attorneys. Randy is currently pursuing both a degree in law and business. randy@legalinsights.org

### Adriana Alanis, Operations Manager

Adriana attended Orange Coast College and is seeking her degree in Paralegal Studies. She oversees the day-to-day operations for Legal Insights and manages the Bilingual Program at Legal Insights. adriana@legalinsights.org

### Priscilla Rodriguez, Office Manager

Priscilla graduated from LABI College with an Associate of Arts Degree. She assists with the day-to-day operations for Legal Insights.

priscilla@legalinsights.org

### Carlos Rodriguez, Client Relations Manager

Carlos is currently pursuing his B.A. Degree at CSUF. He oversees our client relations programs. carlos@legalinsights.org

priscilla@legalinsights.org

### Jason Voelker, Paralegal

Jason has over 13-years experience in post-conviction practice and procedure including petitions for writ of habeas corpus, sentence modifications, state and federal post-conviction challenges, civil procedure and more. Jason held the position of Director for the Marin County Law Library for several years until 2014. Jason holds an A.S., R.S.S. Degree from John Adams College, a paralegal certificate from Blackstone College and is an Associate Member of the Council of California County Law Librarians as well as a member of the Legal Insights Advisory Board. jason@legalinsights.org

# EXHIBIT

3C

Help

# Product Tracking & Reporting

**UNITED STATES POSTAL SERVICE.**

| Home | Search | Reports | Manual Entry | Rates/ Commitments | PTR / EDW | USPS Corporate Accounts | January 22, 2018 |

## USPS Tracking Intranet Tracking Number Result

**Result for Domestic Tracking Number 9405 8036 9930 0522 7544 05**

| Destination and Origin |
| --- |

| Destination |
| --- |

| ZIP Code | City | State |
| --- | --- | --- |
| 955317500 | CRESCENT CITY | CA |

| Origin |
| --- |

| ZIP Code | City | State |
| --- | --- | --- |
| 92653 | LAGUNA HILLS | CA |

| Tracking Number Classification |
| --- |

### Class/Service

| | |
| --- | --- |
| Class/Service: | Priority Mail Insurance <= $500 |
| Class of Mail Code/Description: | PM / Priority Mail® |

### Destination Address Information

| | |
| --- | --- |
| Address: | PO BOX 7500 |
| City: | CRESCENT CITY |
| State: | CA |
| 5-Digit ZIP Code: | 95531 |
| 4-Digit ZIP Code add on: | 7500 |
| Delivery Point Code: | 00 |
| Record Type Code: | Post Office Box |

### Origin / Return / Pickup Address Information

| | |
| --- | --- |
| Address: | 25401 ALICIA PKWY # L323 |
| City: | LAGUNA HILLS |
| State: | CA |
| 5-Digit ZIP Code: | 92653 |
| 4-Digit ZIP Code add on: | 4958 |
| Record Type Code: | Building/Apartment |
| Delivery Type: | Residential |

### Shipping Services File

| | |
| --- | --- |
| Shipping Services File Number: | 9475 7036 9930 0245 8374 01 |
| Date/Time Tendering Mail: | 10/23/2017 15:25 |
| Shipping Services File Type: | 2 - Tracking File |
| Shipment Accepted: | No |

### Service Delivery Information

| | |
| --- | --- |
| Service Performance Date: | Scheduled Delivery Date:  Thursday,  10/26/2017 |
| Delivery Date from AAU (Notification Delivery Date): | Thursday,  10/26/2017 |
| Zone: | 04 |
| PO Box: | Y |
| Other Information | Service Calculation Information |

### Payment

| | |
| --- | --- |
| Value of Article: | $1.00 |
| Postage: | $18.85 |
| Weight: | 1 lb(s) 1 oz(s) |
| Rate Indicator: | PRIORITY MAIL LARGE FLAT RATE BOX |

Agent Information

| Extra Services |
| --- |

| Extra Services Details |
| --- |

Case 2:18-cv-00077-MCE-KJN   Document 20   Filed 06/04/18   Page 34 of 50

| Description | | | Amount | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Insurance <= $500 | | | $0.00 | | | | | | |
| Up to $50 insurance included | | | $0.00 | | | | | | |

**Events**

| Event | Event Code | Event Date | Event Time | Location | Input Method | Scanner ID | Carrier Route | Posting Date / Time (Central Time) | Other Information |
|---|---|---|---|---|---|---|---|---|---|
| TRACKING INQUIRY, CALL CENTER | VT | 11/16/2017 | 11:57 | CRESCENT CITY, CA 95531 | Customer Driven Activity | | | 11/16/2017 11:58:37 | |
| TRACKING INQUIRY, CALL CENTER | VT | 11/16/2017 | 11:55 | CRESCENT CITY, CA 95531 | Customer Driven Activity | | | 11/16/2017 11:56:41 | |
| TRACKING INQUIRY, CALL CENTER | VT | 11/16/2017 | 11:52 | CRESCENT CITY, CA 95531 | Customer Driven Activity | | | 11/16/2017 11:53:42 | |
| TRACKING INQUIRY, IVR | VT | 11/16/2017 | 10:52 | | Customer Driven Activity | | | 11/16/2017 10:53:40 | |
| TRACKING INQUIRY, IVR | VT | 11/16/2017 | 10:50 | | Customer Driven Activity | | | 11/16/2017 10:51:42 | |
| IN TRANSIT TO DESTINATION | NT | 11/11/2017 | 09:31 | | System Generated | | | 11/11/2017 10:44:32 | |
| IN TRANSIT TO DESTINATION | NT | 11/10/2017 | 09:31 | | System Generated | | | 11/10/2017 10:43:33 | |
| IN TRANSIT TO DESTINATION | NT | 11/09/2017 | 09:31 | | System Generated | | | 11/09/2017 10:42:34 | |
| ENROUTE/PROCESSED | 10 | 11/08/2017 | 03:31 | SANTA ANA, CA 92799 | Scanned | PSS-001-1 | | 11/08/2017 05:43:34 | |
| RETURN TO SENDER PROCESSED | 29 | 11/06/2017 | 15:58 | CRESCENT CITY, CA 95531 | System Generated | | | 11/07/2017 00:43:42 | |
| DELIVERED, TO AGENT | 01 | 10/26/2017 | 08:51 | CRESCENT CITY, CA 95532 | Scanned | IMD 030SHCV893 (non-wireless) | Scanned by route 5531P503 | 10/26/2017 10:57:37 | Facility Finance Number: 051878 |
| SORTING/PROCESSING COMPLETE | PC | 10/26/2017 | 08:38 | CRESCENT CITY, CA 95531 | System Generated | | | 10/26/2017 10:57:35 | |
| ARRIVAL AT UNIT | 07 | 10/26/2017 | 07:49 | CRESCENT CITY, CA 95531 | Scanned | DSS-101-00 | Destined to route B900 | 10/26/2017 10:03:51 | PC / OF Reason Code |
| DEPART USPS FACILITY | EF | 10/26/2017 | 06:55 | EUREKA, CA 95501 | System Generated | | | 10/26/2017 10:28:34 | Dispatch Label ID: DS14 4146 9444 1710 2610 1857 000 |
| ENROUTE/PROCESSED | 10 | 10/25/2017 | 23:02 | EUREKA, CA 95501 | Scanned | PSS-001-24 | | 10/26/2017 02:52:59 | |
| IN TRANSIT TO DESTINATION | NT | 10/25/2017 | 09:40 | | System Generated | | | 10/25/2017 11:53:38 | |
| TRACKING INQUIRY, IVR | VT | 10/24/2017 | 14:35 | | Customer Driven Activity | | | 10/24/2017 14:36:39 | |
| TRACKING INQUIRY, IVR | VT | 10/24/2017 | 14:34 | | Customer Driven Activity | | | 10/24/2017 14:35:34 | |
| IN TRANSIT TO DESTINATION | NT | 10/24/2017 | 09:40 | | System Generated | | | 10/24/2017 11:52:35 | |
| ENROUTE/PROCESSED | 10 | 10/23/2017 | 23:40 | ANAHEIM, CA 92899 | Scanned | PSS-001-65 | | 10/24/2017 01:47:34 | |
| ORIGIN ACCEPTANCE | OA | 10/23/2017 | 22:25 | LAGUNA HILLS, CA 92653 | System Generated | | | 10/24/2017 01:48:35 | |
| TRACKING INQUIRY, CALL CENTER | VT | 10/23/2017 | 18:52 | CRESCENT CITY, CA 95531 | Customer Driven Activity | | | 10/23/2017 18:53:38 | |
| TRACKING INQUIRY, IVR | VT | 10/23/2017 | 18:03 | | Customer Driven Activity | | | 10/23/2017 18:04:36 | |
| TRACKING INQUIRY, IVR | VT | 10/23/2017 | 17:27 | | Customer Driven Activity | | | 10/23/2017 17:28:41 | |
| PRE-SHIPMENT INFO SENT TO USPS | MA | 10/23/2017 | 15:26 | LAGUNA HILLS, CA 92653 | Manifest Generated | | Destined to route B900 | 10/23/2017 15:26:39 | |

Enter up to 35 items separated by commas.

34

Select Search Type: [Quick Search ▾]   [ Submit ]

Product Tracking & Reporting, All Rights Reserved
Version: 18.0.0.1.1

Help

## Product Tracking & Reporting

UNITED STATES POSTAL SERVICE.

| Home | Search | Reports | Manual Entry | Rates/ Commitments | PTR / EDW | USPS Corporate Accounts | January 22, 2018 |

### USPS Tracking Intranet Tracking Number Result

Result for Domestic Tracking Number 9405 8036 9930 0522 7543 99

#1 BOX

**Destination and Origin**

**Destination**

| ZIP Code | City | State |
|---|---|---|
| 955317500 | CRESCENT CITY | CA |

**Origin**

| ZIP Code | City | State |
|---|---|---|
| 92653 | LAGUNA HILLS | CA |

**Tracking Number Classification**

#### Class/Service
| | |
|---|---|
| Class/Service: | Priority Mail Insurance <= $500 |
| Class of Mail Code/Description: | PM / Priority Mail® |

#### Destination Address Information
| | |
|---|---|
| Address: | PO BOX 7500 |
| City: | CRESCENT CITY |
| State: | CA |
| 5-Digit ZIP Code: | 95531 |
| 4-Digit ZIP Code add on: | 7500 |
| Delivery Point Code: | 00 |
| Record Type Code: | Post Office Box |

#### Origin / Return / Pickup Address Information
| | |
|---|---|
| Address: | 25401 ALICIA PKWY # L323 |
| City: | LAGUNA HILLS |
| State: | CA |
| 5-Digit ZIP Code: | 92653 |
| 4-Digit ZIP Code add on: | 4958 |
| Record Type Code: | Building/Apartment |
| Delivery Type: | Residential |

#### Shipping Services File
| | |
|---|---|
| Shipping Services File Number: | 9475 7036 9930 0245 8374 01 |
| Date/Time Tendering Mail: | 10/23/2017 15:25 |
| Shipping Services File Type: | 2 - Tracking File |
| Shipment Accepted: | No |

#### Service Delivery Information
| | |
|---|---|
| Service Performance Date: | Scheduled Delivery Date: Thursday, 10/26/2017 |
| Network Predicted Delivery Date: | Friday, 10/27/2017 |
| Zone: | 04 |
| PO Box: | Y |
| Other Information | Service Calculation Information |

#### Payment
| | |
|---|---|
| Value of Article: | $1.00 |
| Postage: | $18.85 |
| Weight: | 1 lb(s) 1 oz(s) |
| Rate Indicator: | PRIORITY MAIL LARGE FLAT RATE BOX |

Agent Information

**Extra Services**

**Extra Services Details**

①

| Description | Amount |
|---|---|
| Insurance <= $500 | $0.00 |
| Up to $50 insurance included | $0.00 |

## Events

| Event | Event Code | Event Date | Event Time | Location | Input Method | Scanner ID | Carrier Route | Posting Date / Time (Central Time) | Other Information |
|---|---|---|---|---|---|---|---|---|---|
| PACKAGE RESEARCH CASE CREATED | VC | 12/08/2017 | 20:34 | STOCKTON, CA 95203 | Customer Driven Activity | | | 12/08/2017 21:12:00 | Case / Confirmation Number: 135525021 |
| TRACKING INQUIRY, CALL CENTER | VT | 12/08/2017 | 14:23 | | Customer Driven Activity | | | 12/08/2017 14:25:16 | |
| PACKAGE RESEARCH CASE CLOSED | VX | 11/18/2017 | 21:49 | STOCKTON, CA 95203 | Customer Driven Activity | | | 11/18/2017 22:26:45 | Case / Confirmation Number: 135525021 |
| PACKAGE RESEARCH CASE CREATED | VC | 11/16/2017 | 18:06 | STOCKTON, CA 95203 | Customer Driven Activity | | | 11/16/2017 18:41:44 | Case / Confirmation Number: 135525021 |
| TRACKING INQUIRY, CALL CENTER | VT | 11/16/2017 | 12:00 | CRESCENT CITY, CA 95531 | Customer Driven Activity | | | 11/16/2017 12:01:39 | |
| TRACKING INQUIRY, CALL CENTER | VT | 11/16/2017 | 11:57 | CRESCENT CITY, CA 95531 | Customer Driven Activity | | | 11/16/2017 11:58:36 | |
| TRACKING INQUIRY, CALL CENTER | VT | 11/16/2017 | 11:55 | CRESCENT CITY, CA 95531 | Customer Driven Activity | | | 11/16/2017 11:56:39 | |
| TRACKING INQUIRY, IVR | VT | 11/16/2017 | 10:48 | | Customer Driven Activity | | | 11/16/2017 10:49:36 | |
| IN TRANSIT TO DESTINATION | NT | 10/27/2017 | 09:16 | | System Generated | | | 10/27/2017 11:27:33 | |
| IN TRANSIT TO DESTINATION | NT | 10/26/2017 | 09:16 | | System Generated | | | 10/26/2017 11:29:34 | |
| IN TRANSIT TO DESTINATION | NT | 10/25/2017 | 09:16 | | System Generated | | | 10/25/2017 11:28:38 | |
| ENROUTE/PROCESSED | 10 | 10/24/2017 | 00:16 | ANAHEIM, CA 92899 | Scanned | PSS-001-65 | | 10/24/2017 02:32:41 | |
| ORIGIN ACCEPTANCE | OA | 10/23/2017 | 23:01 | LAGUNA HILLS, CA 92653 | System Generated | | | 10/24/2017 02:33:34 | |
| PRE-SHIPMENT INFO SENT TO USPS | MA | 10/23/2017 | 15:26 | LAGUNA HILLS, CA 92653 | Manifest Generated | | Destined to route B900 | 10/23/2017 15:26:41 | |

Enter up to 35 items separated by commas.

Select Search Type: Quick Search     Submit

Product Tracking & Reporting, All Rights Reserved
Version: 18.0.0.1.1

# EXHIBIT 



CDC-119 Incoming Mail (May 1, 2012 - Present) Query

3/28/2018

| CDC # | INMATE NAME | SENDER | CITY, STATE | RECEIVED |
|-------|-------------|--------|-------------|----------|
| AM3717 | SERRATOS | EQ788551680US, GARIBOY | STOCKTON, CA | 9/4/2015 |
| AM3717 | SERRATOS | LEGAL INSIGHTS INC | LAGUNA HILL, CA | 9/16/2016 |
| AM3717 | SERRATOS | HEALTH CARE SERVICES | ELK GROVE, CA | 9/19/2016 |
| AM3717 | SERRATOS | CHARLES CARBONE, ESQ | SAN FRAMCISCO, CA | 9/19/2016 |
| AM3717 | SERRATOS | PRISON LAW OFFICE | SAN QUENTIN, CA | 10/5/2016 |
| AM3717 | SERRATOS | LEGAL INSIGHTS, INC. | LAGUNA HILLS, CA | 10/11/2016 |
| AM3717 | SERRATOS | COMMUNITY LEGAL INFORMATION CEN | CHICO, CA | 10/20/2016 |
| AM3717 | SERRATOS | LEGAL INSIGHTS INC. | LAGUNA HILLS, CA | 11/7/2016 |
| AM3717 | SERRATOS | SAN JOAQUIN SUPERIOR COURT | STOCKTON, CA | 12/27/2016 |
| AM3717 | SERRATOS | NORTHERN CALIFORNIA INNOCENCE P | SANTA CLARA, CA | 1/20/2017 |
| AM3717 | SERRATOS | LEGAL INSIGHTS INC. | LAGUNA HILLS, CA | 2/6/2017 |
| AM3717 | SERRATOS | BLUME USMC/CASTANEDA PARALEGAL | PASADENA, CA | 2/21/2017 |
| AM3717 | SERRATOS | LEGAL INSIGHTS INC. | LAGUNA HILLS, CA | 2/27/2017 |
| AM3717 | SERRATOS | ATTORNEY ANNE M. CAPPELLA | REDWOOD SHORES, CA | 2/27/2017 |
| AM3717 | SERRATOS | ATTORNEY ANNE M. CAPPELLA | REDWOOD SHORES, CA | 3/13/2017 |
| AM3717 | SERRATOS | ATTORNEY CAROL STRICKMAN | SAN FRANCISCO, CA | 3/23/2017 |
| AM3717 | SERRATOS | LEGAL INSIGHTS, INC. | LAGUNA HILLS, CA | 3/27/2017 |
| AM3717 | SERRATOS | LAW OFFICE OF ROBERT L.S. ANGRES | FRESNO, CA | 5/1/2017 |
| AM3717 | SERRATOS | ATTORNEY A. AZURE WHEELER | NEW YORK, NY | 5/1/2017 |
| AM3717 | SERRATOS | ATTORNEY LAUREL THORPE | SACRAMENTO, CA | 5/8/2017 |
| AM3717 | SERRATOS | AZURE WHEELER, ATTORNEY AT LAW | NEW YORK, NY | 5/15/2017 |
| AM3717 | SERRATOS | LEGAL INSIGHT | LAGUNA HILLS, CA | 6/9/2017 |
| AM3717 | SERRATOS | JUSTIN BROOKS, INNOCENCE PROJECT | SAN DIEGO, CA | 7/3/2017 |
| AM3717 | SERRATOS | ATTORNEY KENT A. RUSSELL | SAN FRANCISCO, CA | 7/31/2017 |
| AM3717 | SERRATOS | ATTORNEY CAROL STRICKMAN | SAN FRANCISCO, CA | 8/9/2017 |
| AM3717 | SERRATOS | THIRD APPELLATE COURT OF APPEAL | SACRAMENTO, CA | 8/9/2017 |
| AM3717 | SERRATOS | ATTORNEY CAROL STRICKMAN | SAN FRANCISCO, CA | 8/25/2017 |
| AM3717 | SERRATOS | ATTORNEY TRACY LUM | PATTERSON, CA | 8/28/2017 |
| AM3717 | SERRATOS | LINDA STARR, INNOCENCE PROJECT | SANTA CLARA, CA | 8/31/2017 |
| AM3717 | SERRATOS | ATTORNEY A. AZURE WHEELER | NEW YORK, NY | 9/5/2017 |
| AM3717 | SERRATOS | ATTORNEY RANDY SODERSTOM | LAGUNA HILLS, CA | 10/10/2017 |
| AM3717 | SERRATOS | PRISON LAW OFFICE | SAN QUENTIN, CA | 10/23/2017 |
| AM3717 | SERRATOS | THIRD APPELLATE COURT OF APPEAL | SACRAMENTO, CA | 11/16/2017 |



| CDC # | INMATE NAME | SENDER | CITY, STATE | RECEIVED |
|-------|-------------|--------|-------------|----------|
| AM3717 | SERRATOS | STATE SUPREME COURT OF CALIFORNI | SAN FRANCISCO, CA | 11/27/2017 |
| AM3717 | SERRATOS | THIRD APPELLATE COURT OF APPEAL | SACRAMENTO, CA | 11/27/2017 |
| AM3717 | SERRATOS | ATTORNEY A. AZURE WHEELER | NEW YORK, NY | 12/11/2017 |
| AM3717 | SERRATOS | ATTORNEY ANNE M CAPPELLA | REDWOOD SHORES, CA | 12/26/2017 |
| AM3717 | SERRATOS | SAN JOAQUIN SUPERIOR COURT | STOCKTON, CA | 1/12/2018 |
| AM3717 | SERRATOS | EASTERN DISTRICT COURT CLERK | SACRAMENTO, CA | 1/18/2018 |
| AM3717 | SERRATOS | EASTERN DISTRICT COURT CLERK | SACRAMENTO, CA | 1/19/2018 |
| AM3717 | SERRATOS | EASTERN DISTRICT COURT CLERK | SACRAMENTO, CA | 1/29/2018 |
| AM3717 | SERRATOS | ATTORNEY CAROL STRICKMAN | SF, CA | 2/7/2018 |
| AM3717 | SERRATOS | SUPREME COURT OF CALIFORNIA | SF, CA | 2/16/2018 |
| AM3717 | SERRATOS | SUPERIOR COURT, CRIMINAL DIVISION | STOCKTON, CA | 3/6/2018 |
| AM3717 | SERRATOS | US DISTRICT COURT, EASTERN DISTRIC | SACRAMENTO, CA | 3/8/2018 |
| AM3717 | SERRATOS | US DISTRICT COURT, EASTERN DISTRIC | SACRAMENTO, CA | 3/12/2018 |
| AM3717 | SERRATOS | SUPERIOR COURT | STOCKTON, CA | 3/28/2018 |

EXHIBIT 5E

December 28, 2017

Conviction Review Unit

211 West Temple Street
Room #1255

Los Angeles, Ca. 90012
Clerk of the CRU.

Please find attached my petition request to have my case reviewed
by the CRU, in its entirety separate and independent of San Joaquin
County D.A & prosecutor Michael Rasmussen of the Stockton Ca. Office.

My case involves the involvement/interference of unauthorized Gov./
law enforcement personnel who were RELATED to the decendent. In this
unfortunate traffic accident,.

Intentional numerous hiccups, that took place inorder to obtain a
wrongful/illegal conviction.

1.) Destruction of decendents vehicle, though the prosecutor asserted
that upon him soliciting-approaching arraignment defense attorney,
who in his prior profession was a long time CHP, and represented numerous
law enforcement in general agreed to upon the prosecutors request
(to release vehicle) without prosecutor nor that arraignment attorney
having reports or inspection complete or MAIT full theory analysis.
There was no court process or any proceedings. (see Release note date
versus Mait completion date.)

2.) CHP oddly mishandled COC of blood Alcohol for over 6 days that
created a false inacurate result.

3.) CHP/Prosecutor put a blind eye  allowed the decendents uncle
Mr. Nesbitt a San Joaquin Coutny Sheriff deputy to retrieve the decendent
Cell phone that had been in use and engaged on social media at the
exact time of accident. (Distracted Driving) and also the removal of
other evidence/items i.e make up kit etc.

4.) Prosecutor with held the Cell phone evidence till the last minute
at trial, in a feable attempt to deceive defense and courts., of the
fact that phone infact was in use. Prosecutor provided inaccurate
cell phone records initially.

5.) Prosecutor was misleading as well in the destruction of the vehicle
having defense expert go on a wild goose hunt for vehicle when Prosecutor
allowed  the decendents Uncle Deputy Sheriff Nesbitt transfer vehicle
around from tow yard to tow yard then ultimately destroying it.

6.) D.A/Prosecutor where not truthful in there alledges of the basis
for their 2nd degree murder probable cause assertions, and in all facts
relevant to case.

7.) D.A /prosecution conducted themselves in a discriminatory fashion
throughout case, chose to continue a sham trial, yet concurrently in
people v. Gregory Rice D.A pled out dismissing a 2nd Deg D.U.I Watson
in trial and who was represented by the arraignment defense attorney who
prosecutor in my case sought to release vehicle. ?? The release Note was
furnished at the exact time those charges were reduced...& plea bargined.

8.) With the recent news and assertions of Forensic Pathologist Dr.Bennet
Omalu and Sue Parson resignation of such practices and misconduct of

48

 LOS ANGELES COUNTY DISTRICT ATTORNEY'S OFFICE
POST-CONVICTION LITIGATION AND DISCOVERY DIVISION
CONVICTION REVIEW UNIT

Claim No. _____
(To be supplied by the DA's Office)

## CONVICTION REVIEW REQUEST

### INSTRUCTIONS – READ CAREFULLY

The Los Angeles County District Attorney's Office may review, upon request, certain felony convictions that occurred in Los Angeles County. This questionnaire is considered a person's request to have such a conviction reviewed.

**IF THE MATTER YOU WANT REVIEWED DID NOT RESULT IN A CONVICTION, STOP HERE. YOU DO NOT NEED TO GO FURTHER. MATTERS THAT DO NOT RESULT IN A CONVICTION WILL NOT BE REVIEWED.**

**IF THE CONVICTION YOU WANT REVIEWED IS NOT A FELONY, STOP HERE. YOU DO NOT NEED TO GO FURTHER. MISDEMEANOR CONVICTIONS AND INFRACTIONS WILL NOT BE REVIEWED.**

**IF THE CONVICTION YOU WANT REVIEWED OCCURRED IN ANOTHER COUNTY, STOP HERE. YOU DO NOT NEED TO GO FURTHER. CONVICTIONS THAT OCCUR OUTSIDE OF LOS ANGELES COUNTY WILL NOT BE REVIEWED.**

Once completed, mail this questionnaire and attached documents to:

Los Angeles County District Attorney's Office
Conviction Review Unit
211 West Temple Street
Room #1255
Los Angeles, CA 90012

Or email the completed questionnaire and attached documents to CRU@da.lacounty.gov.

The following information is required for the Conviction Review Unit of the Los Angeles County District Attorney's Office to consider your request and determine whether the conviction will be reviewed:

1. Convicted person's name:    BENJAMIN SERRATOS III

2. Convicted person's date of birth:    AUGUST 3, 1980

@ 2015 Los Angeles County District Attorney's Office

41

3. Is the convicted person incarcerated?   Yes ☒      No ☐

4. If presently incarcerated, please provide the following information:

    a.  CDC Number:  _____ AM 3717 _____

    b.  Prison where incarcerated:  _____ PELICAN BAY STATE PRISON

    c.  Cell Location:  ___ B-1-132 _____

    d.  P.O. Box:  ___ 7500 _____

    e.  City, State, Zip:  _____ CRESCENT, CA. 95532 _____

5. Name and location of the court where the person was convicted and sentenced:

    SUPERIOR COURT OF CALIFORNIA COUNTY OF

    SAN JOAQUIN _____

6. ~~Los Angeles~~ County Superior Court Case Number:  SF 115116A

7. Provide the Penal Code section of the crime(s) the person was convicted of:

    187 (Watson Murder) _____

8. Date convicted:  ___ MARCH 2, 2012 ____

9. Date sentenced:  ___ AUGUST 28, 2012 ___

10. Sentence received:  ___ 48 YRS/LIFE ____

11. Expected release date:  ___ N/A -UPON RECEIPT __

12. How was the person convicted?

    a.  Jury Trial ☒

    b.  Court Trial ☐

    c.  Guilty Plea ☐

    d.  No Contest Plea ☐

@ 2015 Los Angeles County District Attorney's Office

13. Is the conviction currently being challenged on appeal?          Yes ☒          No ☐

14. Is there a habeas corpus petition currently pending before a court?          Yes ☒          No ☐

15. Has a habeas corpus petition ever been filed regarding the conviction?   Yes ☐          No ☒

16. Did the person who was convicted give a statement to law enforcement when arrested?

                        Yes ☐          No ☒

17. If there was a trial, did the person who was convicted testify in the trial?  Yes ☐          No ☒

18. What new evidence, if any, exists that was not known at the time of trial? If you need
extra space, you may attach additional pages to this request.

San Joaquin County Coroner/Forensic Pathologist
Dr. Bennet Omalu and Dr.Sue Parson assert Undue

Influence-Affirmative Misconduct on findings,

(Corruption) from San Joaquin County Sheriff

Steve Moore & Law Enforcement-Stockton D.A office.

19. Please state the reason(s) the conviction should be reviewed. If you need extra space, you
may attach additional pages to this request.  There were numerous issues
that occured in Peo V. Serratos SF115116A - C0805888
that are fact,& in combination with Chief Medical Examiner
Dr.Omalu & Dr.Parson claims brings Serratos claims In-ToTO
#1 The dece'dents "Uncle SAN JOAQUIN COUNTY SHERIFF DEPUTY"
Mr.Nesbitt,removed-tampered-interfered & concealed Cell Phone
evidence of dece dents social media usage at exact time of accident.
&2other evidence i.e make-up box-contributors to distracted driving.
#2 Stockton Cal.Prosecutor Michael Rasmussen put a blind eye to &
participated in the surpression of evidence (Brady V.Maryland).
#3 Stockton Prosecutor Micheal Rasmussen admitted to soliciting/appro-
aching, a fired arraignment defense attorney ex CHP officer Pacheco,
to release/destroy vehicle(that had yet to be inspected & no final
reports from MAIT-CHP or Established speeds)Reports completed 5 months
after release of Veh. #4 CHP-intentionally mishandled Blood Alch Sampl
going 6 days unrefridgerated inorder to obtain an incurrate false anal
sis result.  @ 2015 Los Angeles County District Attorney's Office
#5 Stockton Cal, Prosecutor Micheal Rasmussen allowed dece dents
law enforcement & Sheriff deputy family to intervene & interfere
(undue Influence)  throughout the case in a willful criminal lynching
cover-up and framing..

20. You may attach exhibits or documents to this questionnaire to assist the Conviction Review Unit's examination of your request.

21. If this request is being submitted by someone other than the person convicted, please state your relationship to the person convicted:

_____

22. If this request is being submitted by someone other than the person convicted, have you obtained the written consent of the person convicted to file this request?

Yes ☐    No ☐

23. Please provide your name, address, phone number and email address so that we may contact you:

_____

_____

_____

_____

Date:  12|24|17

Signature of Claimant

BENJAMIN SERRATOS
Type / Handwrite name

Once this questionnaire is received by the Los Angeles County District Attorney's Office, you will be contacted and informed of the status of your request.

@ 2015 Los Angeles County District Attorney's Office

44

## PROOF OF SERVICE BY MAIL

(C.C.P. Sec. 101a #2015-5, U.S.C. Sec. 1740)

I, _____BENJAMIN SERRATOS_____, am a resident of Pelican Bay State Prison, in the County of

Del Norte, State of California. I am over the age of eighteen (18) years and am a party to this action.

My State Prison address is: Pelican Bay State Prison, P.O. Box 7500, Housing Unit __B 1__ Cell __132__

Number _____, Crescent City, CA 95532-7500.

On the __29__ day of __December_____, I served the following (set forth the exact

title of document[s] served):

CRU A.G Petition   for review.
_____

_____

_____

On the party(s) herein by placing a true copy(s) thereof, enclosed in a sealed envelope(s), with

postage thereon fully paid, in the United States mail, in a receptacle so provided at Pelican Bay State

Prison, Crescent City, CA 95532, and addressed as follows:

Conviction Review unit                    LULAC

211 West Temple Street                    NAACP

Room #1255                                ACLU

Los Angeles Ca. 90012

I declare under penalty of perjury that the foregoing is true and correct.

_____                __12/29/17__
Inmate Signature                         Date

45

1 | BENJAMIN SERRATOS #AM 3717

2 | P.O BOX                7500

3 | CRESCENT CITY, CA.    95532
   | (PRO-PER)

4 |

5 |           SAN JOAQUIN COUNTY DISTRICT ATTORNEY

6 | PEOPLE V.SERRATOS III      )      PETITION TO REMEDY,VACATE
7 | Superior C'No# SF115116A   )      OR SET ASIDE CONVICTION.
   | COA C.No#      CO805888    )      PURSUANT TO RULE 5-110.
8 |

9 |      RULE 5-110 SPECIAL RESPONSIBILITIES OF A PROSECUTOR
10 |      (Rule approved by the Supreme Court,effective Nov.2,2017)

11 | PROSECUTORS REQUIRED TO RECTIFY/REMEDY THE CONVICTION OF INNOCENT
12 | PERSONS.. (see rule 5-110 (G) )

13 |

14 | PETITIONER MOTIONS THE APPROPRIATE PERSON TO REMEDY CONVICTION.
15 | PURSUANT TO RULE 5-110 (D) (F) (1) (2) (b)  (G) further cites
16 | [1] [3] [7] .

17 | IN ADDITION CITES & INTEGRATES AS APPLICABLE.....

18 | SAN JOAQUIN COUNTY CHIEF MEDICAL EXAMINER FORENSIC PATHOLOGIST

19 | DR.BENNET OMALU & DR.SUE PARSONS ASSERTIONS & CLAIMS OF MISCONDUCT

20 | (UNDUE INFLUENCE) ON BEHALF OF SHERIFF STEVE MOORE - et al..

21 | PRIOR & PRESENT. (see Dr.OMALUS/Dr.PARSON resignation-memos)

22 |

23 |

24 |                                   RESPECTFULLY SUBMITTED
25 |
26 |                                   BENJAMIN SERRATOS III
27 |                                   (Pro-Per,Pro-Se)
28 |

46

1

2   RULE 5-110    (D) (F) (1) (2) (b) (G) [1] [3] [7] [8]

3   U.S CONSTITUTION 5th & 14th Amend.

4   JACKSON V. VIRGINA 443 U.S. 397

5   In re WINSHIP, 397 U.S. 358 (1970)

6   ESTELLE V. McGUIRE, 502 U.S 62(1991)

7   U.S V. RUSSELL 411 U.S. 423 (1973)

8

9   ( see 7/20/2005   Superior court of San Joaquin Case #ST043049A)
                    (Prosecutor CINDY DE SILVA)
10          No WATSON ADDENDUM Uttered,Mentioned,Expressed or Referenced.

11  (see 7/28/2010 Bail Hearing Prosecutor Michael Rasmussen Contradict
    ion to Subjective Awareness ) pages 48-50.
12

13  (see CHP mishandled Alcohol blood sample 6 days uncefridgerated)

14  (see Prosecutors Michael Rasmussen personal statements/admittance
    to soliciting/approaching fired arraignment defense attorney-ex CHP
15  Charles Pacheco to release-destroy Ms.Littles 1988 Oldsmobile.

16  (see Att & F cell phone records & forensic tech expert testimony
    of Ms.Littles social media usage (distracted driving) and prosecu
17  tors Michael Rasmussen surpressed evidence & knowledge of Littles
    family acknowledged phone usage-facebook at exact time of accident
18

19  (see San Joaquin County Chief Medical Examiner Forensic Pathologist
    Dr.Bennet Omalu & Dr.Sue Parson's "RESIGNATION" letter, claims of
20  misconduct/cover up by Sheriff Steve Moore et al...Prior & Present
    (Humpreys V.CHP/Sheriff/Stockton D.A.)
21

    (see San Joaquin County Sheriff Coroner report # 2010-1194
22
    NARRATIVE - LANE TRAVELS.. see also CAUSE OF DEATH DUE TO???
·23  AND INJURY Information... "DRIVER EJECTED"

24  (see CHP initial reports on lane travel v. Mait report lane travel)

25  (see CHP report Ms.Littles Uncle Sheriff Deputy retrieves Cell Phone)

26  (see Vehicle release date v. Mait Raport completion date)

27  (see Mait numerous errors/unconlussive findings i.e seat belt - no
    illumination of 1988 vehicle lights etc..) Also see MAIT expert
28  pre-lim testimony conceding to no knowledge of initial impact,
    no mechanical inspections..!!!

## PROOF OF SERVICE BY MAIL

(C.C.P. Sec. 101a #2015-5, U.S.C. Sec. 174C)

I, __BENJAMIN SERRATOS__, am a resident of Pelican Bay State Prison, in the County of

Del Norte, State of California. I am over the age of eighteen (18) years and am a party to this action.

My State Prison address is: Pelican Bay State Prison, P.O. Box 7500, Housing Unit __B 1__ Cell __132__

Number ____, Crescent City, CA 95532-7500.

On the __29__ day of __December__, I served the following (set forth the exact

title of document[s] served):

__5-110 Petition   (Vacate/Remedy Petition)__

On the party(s) herein by placing a true copy(s) thereof, enclosed in a sealed envelope(s), with

postage thereon fully paid, in the United States mail, in a receptacle so provided at Pelican Bay State

Prison, Crescent City, CA 95532, and addressed as follows:

| | |
|---|---|
| San Joaquin District Attorney Office D.A TORI SALAZAR | LULAC NAACP ACLU |
| 222 East Weber Ave Stockton Ca 95202 | |

I declare under penalty of perjury that the foregoing is true and correct.

_____
Inmate Signature

__12/29/17__
Date

Page Number: _____