XAVIER BECERRA, State Bar No. 118517
Attorney General of California
JUSTAIN P. RILEY, State Bar No. 214920
Deputy Attorney General
DAVID ANDREW ELDRIDGE, State Bar No. 172100
Deputy Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-7753
Fax: (916) 324-2960
E-mail: David.Eldridge@doj.ca.gov
*Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BENJAMIN SERRATOS III,** Petitioner, | 2:18-cv-00077-MCE-KJN |
| **v.** | **Answer to Petition for Writ of Habeas Corpus** |
| **JAMES ROBERTSON, Acting Warden,** Respondent. | |

**ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS**

**A. Introduction**

Petitioner drove with a blood-alcohol content well over the legal limit, drove well over the speed limit, and hit a car from behind making it spin into a pole, killing the driver and injuring her two passengers. (Opinion at 1 [page cites are to pages in order, identical to ecf].) Untimeliness bars all relief; Petitioner was late to federal court and mostly in state court. Also, on the merits:

I. Grounds 1 and 9 claim insufficient evidence of malice, for murder. But Petitioner knew he would drive after drinking, knew the risks of drunk driving, and yet chose to drink.

II. Ground 2 claims insufficient evidence of flight, for hit and run. Only failure to stop and aid and identify was required, and Petitioner surely failed to do that.

III. Ground 3 claims trial counsel had to physically inspect a victim's cell phone. Nothing showed physical inspection was crucial, or showed helpful evidence that would have appeared.

IV. Ground 4 claims trial counsel had to attack earlier counsel's agreement to release the victims' vehicle. Nothing showed the agreement was irrational, or helpful evidence that was lost.

V. Ground 5 claims trial counsel entirely failed to defend, resulting in denial of the right to counsel. Nothing showed a complete failure by counsel.

VI. Ground 6 claims a continuance for defense investigation mandatory. The trial court denied a premature continuance request without prejudice, and no timely request came later.

VII. Ground 7 claims cumulative prejudice from claimed errors. No error was shown.

VIII. Ground 8 claims outrageous law enforcement conduct barred a prosecution. No law enforcement activity in the crimes, or brutal evidence collection, was shown.

IX. Ground 10 claims custody based on manslaughter. That custody is stayed.

X. Ground 11 claims injury enhancements are attached on homicide counts. Incorrect.

**B. Statements**

Per order (Doc. 27) and Rule 5, R. Governing § 2254 Cases, Respondent as Warden of a California Prison answers the Petition for Writ of Habeas Corpus (Doc. 15, "Petition") as follows:

1. Respondent has custody of Petitioner, a prisoner, under the August 28, 2012 judgment of the California Superior Court, San Joaquin County in case number SF11511A, imposing life and determinate prison terms after convictions for murder and other offenses, with enhancements, as that judgment was modified and affirmed by the Opinion on direct review.

2. The Petition was untimely filed, barring relief on all claims. 28 U.S.C. § 2244(d)(1)(A).

3. Petitioner must prove exhaustion. Claims decided by the California Court of Appeal and timely renewed in a California Supreme Court petition for review are exhausted, if limited to the appellate record. Claims presented on state habeas are exhausted as articulated in the California Supreme Court, if limited to the appellate record and competent evidence presented to that court. Other claims are barred and on the merits may only be denied. 28 U.S.C. § 2254(b)(1), (2).

4. Claims barred for improper state court presentation, are barred here as well. *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017); *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

5. On claims fairly presented to a state court, Petitioner fails to prove their rejection either was not on the merits, or the merits rejection was objectively unreasonable. 28 U.S.C. § 2254(d).

6. Separately, on all claims, the existence of a constitutional violation, rendering the resulting custody illegal, would not have been "apparent to all reasonable jurists" based on the law extant at the time the conviction became final on direct appeal. *Beard v. Banks*, 542 U.S. 406, 413 (2004); *Teague v. Lane*, 489 U.S. 288 (1989).

7. Petitioner thus shows no lawful basis to issue the writ under a system of review already "secondary" and "limited" prior to 1996, *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983), and now further "limited rather than expanded" under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), *Fry v. Pliler*, 551 U.S. 112, 119 (2007), and the Petition must be denied.

Respondent has lodged the non-miscellaneous state court record. (ECF 32 - 32-27.)

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. Factual and Procedural Background

> On the afternoon of June 12, 2010, defendant celebrated his daughter's fifth birthday with family and friends at a park in Lodi. Defendant brought a 20-pack of beer to the party and was seen drinking beer that afternoon. Later that evening, defendant, his common law wife, and their four daughters went to defendant's nephew's house where defendant continued to drink beer. At approximately 11:30 p.m., defendant left his nephew's house in his Honda. His wife left separately with their daughters because she and defendant had arrived in separate cars.
>
> Defendant drove southbound on West Lane, exceeded the posted 55-mile-per-hour speed limit, and rear-ended an Oldsmobile. The impact sent the Oldsmobile spinning, and it slammed into a signal pole on the shoulder of the intersection, killing the driver Destanee Little and injuring her two passengers.
>
> Pablo Sanchez, Jovito Garcia, Daniel Garcia, and Michael Nava were in oncoming traffic when they observed the collision. Sanchez approached the Honda. Defendant was still in the driver's seat and appeared dazed and confused. His eyes were glassy and red, and he smelled like alcohol. Defendant eventually got out of his car and began to walk away from the scene. He was later contacted by law enforcement officers as he was walking down the road away from the scene. He had a very strong odor of alcohol and his eyes were red, watery, and glassy looking.
>
> Two hours after the collision, defendant's blood-alcohol content was 0.21 percent. An expert estimated defendant's blood-alcohol content at the time of the collision to have been 0.25 percent.
>
> The California Highway Patrol Multidisciplinary Accident Investigation Team (MAIT) inspected the scene, both vehicles, and the physical evidence and determined that the Oldsmobile was travelling in the number two, slow, lane at an estimated 55 miles per hour when it was struck from behind by the Honda, which was also travelling in the slow lane but at an estimated 95.5 miles per hour. The estimated post-impact speed of the vehicles was approximately 75.7 miles per hour, indicating a change in speed of about

> 20 miles per hour for each vehicle. The speed limit on that section of West Lane is 55 miles per hour.
>
> The Honda's supplemental restraint system (SRS) control unit indicated a change in speed of 33.8 miles per hour at the time of the collision, indicating a pre-impact speed of approximately 109 miles per hour for the Honda and approximately 40 miles per hour for the Oldsmobile. The Honda's SRS control unit also revealed that defendant attempted to start his vehicle 10 times after the collision.
>
> Dr. Russell Darnell testified as an accident reconstruction expert for the defense. He opined that at the time of the collision, the Honda was travelling approximately 68 miles per hour, and the Oldsmobile was travelling approximately 50 miles per hour. He further opined that the initial point of impact occurred in the number one lane, and that the Honda did not enter the number two, slow, lane until after the initial impact.
>
> Phone records for Little's cell phone showed that there was a text message sent at 11:42 p.m. and data usage consistent with a social networking connection at 11:51 p.m. on the night of the collision. It was not known who actually used the phone at those times.
>
> In 2006, defendant pleaded no contest to driving under the influence of alcohol in violation of Vehicle Code section 23152, subdivision (b). As part of his plea agreement, defendant expressly acknowledged in writing that he understood "being under the influence of alcohol or drugs, or both, impairs my ability to safely operate a motor vehicle. It is extremely dangerous to human life to drive while under the influence of alcohol or drugs, or both. If I continue to drive while under the influence of alcohol or drugs, or both, and as a result of that driving, someone is killed, I can be charged with murder." As a result of his conviction, defendant's driver's license was suspended, and he was ordered to complete an alcohol education course. Defendant enrolled in a three-month program but attended just one class, and his driver's license was never reinstated as a result of his failure to complete the program and remained suspended at the time of the collision.

(Opinion at 3-5.) A pre-judgment challenge to bail was denied by October 7, 2010 order. (C066232 docs.) The May 5, 2016 Opinion affirmed the judgment as modified. (Opinion at 19.) The California Supreme Court denied discretionary further direct review. (S235176 docs.)

After direct review, a round of state habeas commenced with identical petitions signed and served on November 8, 2017, in both the California Court of Appeal and the California Supreme Court. (C085888 docs. at 2, 78; S245495 docs. at 2, 78.) A November 21, 2017 California Court of Appeal order denied relief without prejudice to filing in the Superior Court (C085888 docs. at 1), and Petitioner on January 4, 2018, served a petition in the Superior Court (STK-CR-2018-440 docs. at 3, 218). The Superior Court issued a March 22, 2018 order that purported to deny relief without prejudice. (STK-CR-2018-440 docs. at 1-2.) However, in the meantime, a February 14, 2018 California Supreme Court order had superseded the California Court of Appeal's November 21, 2017 refiling-is-permitted order; the California Supreme Court order barred habeas review as not being timely commenced on any claim (S245495 docs. at 1).

An April 19, 2018-served California Court of Appeal habeas petition was denied by July 6, 2018 order (C086945 docs. at 1, 3, 81), with the California Supreme Court having not altered its November 8, 2017 untimeliness order. And a July 16, 2017-served California Supreme Court petition for review was denied by August 29, 2018 order (S250068 docs. at 1, 2, 15), with that Court having not altered its November 8, 2017 untimeliness order.

**B. Legal Standards**

28 U.S.C. § 2254(a) limits claims to attacks on custody, on federal law theories. *Bailey v. Hill*, 599 F.3d 976, 981-84 (9th Cir. 2010). Illegality had to be "apparent to all reasonable jurists" when the conviction became final. *Beard v. Banks*, 542 U.S. at 413. Necessary, but insufficient, is that finding illegality was dictated in a case "controlling" on the state court or by a "robust 'consensus of cases of persuasive authority.' " *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011). Still, persuasive authority would not have put the issue beyond debate if other cases arguably supported a contrary view, even if inconsistently. *Lane v. Franks*, 134 S. Ct. 2369, 2382-83 (2014). Even a binding case does not put an issue beyond debate if a "reasonable jurist . . . could have drawn a distinction" between that case and the petitioner's case. *O'Dell v. Netherland*, 521 U.S. 151, 165 (1997); *id*. at 159-60 (sufficient if issue is " 'susceptible to debate among reasonable minds' "); *Wright v. West*, 505 U.S. 277, 291 (1992) (plur. opn.) (federal court must defer unless state court rejection was " 'patently unreasonable' "). Even without AEDPA, the writ is barred "whenever the state courts have interpreted old precedents reasonably"—and "not only when they have done so 'properly.' " *West*, 505 U.S. at 291 n.8.

An extreme limit applies unless a petitioner proves a state court did not reach the merits, *Harrington v. Richter*, 562 U.S. 86, 100 (2011)—barring relief unless the state court decision (1) " 'was contrary to' federal law then clearly established in the holdings of [the Supreme] Court, § 2254(d)(1);" or (2) " 'involved an unreasonable application of' such law, § 2254(d)(1);" or (3) " 'was based on an unreasonable determination of the facts' in light of the record before the state court, § 2254(d)(2)." *Richter*, 562 U.S. at 98, 100. Else, "analysis is at an end" and "a writ of habeas corpus 'shall not be granted.' " *Cullen v. Pinholster*, 563 U.S. 170, 203 n.20 (2011).

The universe is limited to "holdings, as opposed to the dicta" of Supreme Court cases when the state court ruled. *Howes v. Fields*, 565 U.S. 499, 505 (2012). A holding matters only if it " 'squarely addresses' the claim at issue and provides a 'clear answer.' " *Liao v. Junious*, 817 F.3d 678, 689 (9th Cir. 2016). If the Court applied a rule in one context, circuit law cannot "bridge the gap" to a new context, *Glebe v. Frost*, 135 S. Ct. 429, 431 (2014), even if that is the "logical next step," *White v. Woodall*, 572 U.S. 415, 427 (2014). There is "no justification for relying on" a prior circuit case that itself did not purport to decide the specific issue whether the rule in question was clearly established by the Supreme Court. *Frost*, 135 S. Ct. at 431; *Woodall*, 572 U.S. at 420 n.2; *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012). Too, a court purporting to apply a "general standard" (e.g., counsel must act reasonably) cannot apply what is effectively a "specific legal rule" (e.g., counsel normally must do X to be reasonable). *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009).

Nor is it easy to show a court found facts unreasonably "in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d)(2). "[R]eview under § 2254(d)(2)" is not for "adequacy of the procedures and standards" a state court employed to find facts; rather, a factfinding process is reviewed only under 28 U.S.C. § 2254(d)(1). *Brumfield v. Cain*, 135 S. Ct. 2269, 2277 n.3 (2015). Subdivision (d)(2) reviews only "underlying factual conclusions the court reached," *Brumfield*, 135 S. Ct. at 2277 n.3, strictly in light of "the record that was before that state court," *Pinholster*, 563 U.S. at 185 & n.7. Those facts must be implausible from the record. *Renico v. Lett*, 559 U.S. 766, 778 (2010); *Soto v. Ryan*, 760 F.3d 947, 957 (9th Cir. 2014). State court factfinding is sufficiently supported even if the record is "ambiguous" on the relevant point. *Palmer v. Estelle*, 985 F.2d 456, 459 (9th Cir. 1993).

## ARGUMENT

### I. UNTIMELY FILING BARS RELIEF ON THE PETITION

The Petition was untimely filed, which bars relief. "AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus." *Wall v. Kholi*, 562 U.S. 545, 550 (2011). "This period runs 'from the latest of' four specified dates, including 'the date on which the judgment became final by the conclusion of direct review or the

expiration of the time for seeking such review.' " A day is not "counted" in the year, if "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" on that day. 28 U.S.C. § 2244(d)(2). " '[C]ollateral review' " refers to "judicial" reexamination. *Kholi*, 562 U.S. at 553.[1] And a filing must be timely under state law to be "properly filed." *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005); *Bonner v. Carey*, 425 F.3d 1145, 1146, 1149 (9th Cir. 2005).

After the California Supreme Court order denied discretionary review on appeal, Petitioner did not seek certiorari in the Supreme Court (Petition at 76-78). Time to seek certiorari lapsed on the ninetieth day after the California Supreme Court's August 10, 2016 order denying review, Supreme Ct. R. 13.1, 13.3—i.e., on November 8, 2016. On the next day, November 9, 2016, no judicial review application had been filed, or purportedly served. Thus, § 2244(d)(1)(A)'s one-year limitation period commenced, with "day one" being November 9, 2016. And no judicial review application was filed or served as of November 7, 2017, so it follows that November 7, 2017, was "day 364." Federal filing was due the next day, unless the next day was not "counted."

But November 8, 2017, was counted in the limitation period. True, on that day Petitioner purportedly served identical habeas petitions in the California Court of Appeal and the California Supreme Court. But the California Supreme Court ultimately ruled that November 8, 2017, was too late to commence state habeas review, so those petitions were not "properly" filed as required by 28 U.S.C. § 2244(d)(2), and they prevented no days from being counted. *Pace*, 544 U.S. at 414, 417; *Bonner*, 425 F.3d at 1146, 1149. The federal Petition was due on November 8, 2017. It was not filed by then, and thus must be dismissed as untimely filed.

## II. FINDING SUFFICIENT MALICE EVIDENCE WAS REASONABLE

The Opinion found sufficient evidence of malice, in that Petitioner acted, knowing that his conduct of driving after drinking endangered life. (Opinion at 5-8.) The Opinion was clear that under state law if sufficed if he knew that when he chose to drink, if expecting to drive. (*Id.* at 7.) Knowledge was inferable from his 2006 acknowledgment of that risk. (*Id.* at 5, 7-8.) Fairminded

[1] An earlier filing by Petitioner (ECF 20) claimed nonjudicial review can cause days not to be counted in the limitation period. Too, the referenced nonjudicial filing was after November 8, 2017, when no days were left in the limitation period to count or not count.

jurists, 28 U.S.C. § 2254(d)(1), could find "a plausible chain of logic" linked the evidence to the verdict, *United States v. Del Toro-Barboza*, 673 F.3d 1136, 1145 (9th Cir 2012) (citing *United States v. Begay*, 673 F.3d 1038, 1045 (9th Cir. 2011) (en banc)). Insofar as Petitioner argues rejection of the state-court claim was unreasonable (Petition at 3-13), the argument lacks merit.[2]

## III. A MERITLESS INSUFFICIENT-FLIGHT-ATTEMPT-EVIDENCE CLAIM IS BARRED

Lack of flight for hit and run (Petition at 14-18) was not claimed on appeal. Petitioner raised the claim on habeas (S245495 docs. at 15-19) and the California Supreme Court barred it as untimely (*id.* at 1), which bars it here, *Walker v. Martin*, 562 U.S. 307, 320-21 (2011).

Too, the Superior Court (never told by Petitioner of the California Supreme Court order) found the claim uncognizable on habeas. (STK-CR-2018-440 docs. at 2.) That would bar relief here as well. *Johnson v. Lee*, 136 S. Ct. 1802, 1804 (2016).

Patent lack of merit also bars relief. Post-collision inaction suffices; the term "run" is a "misnomer."[3] There was evidence that, post-collision, Petitioner tried repeatedly to start his car. (RT at 639.) There was evidence that, when unable to start the car, he left the immediate scene while looking around, discarded his keys, rebuffed entreaties to stay because flight would "only make it worse," and even denied involvement in the collision. (RT at 835-40.) A plausible chain of logic links that evidence to a finding that Petitioner tried to leave instead of acting as the law required—i.e., stopping, identifying himself, and giving any needed aid to victims. *Martinez*, 2 Cal. 5th at 1102.

## IV. A MERITLESS PHONE-INVESTIGATION CLAIM IS BARRED

The Opinion rejected a claim of inadequate investigation of the murder victim's cell phone:

---

[2] In Ground 9, Petitioner alleges his prior statement was inadmissible for lack of some sort of foundation. (Petition at 66-70.) The admissibility argument is foreclosed because it was untimely presented to the California Supreme Court on habeas (*supra*) and barred because such a theory of admissibility would not have been "apparent to all reasonable jurists" based on the law extant at the time the conviction became final on direct appeal, *Beard v. Banks*, 542 U.S. 406, 413 (2004). Moreover, on review "for insufficiency of the evidence," " 'a reviewing court must consider all of the evidence admitted by the trial court,' regardless of whether that evidence was admitted erroneously." *McDaniel v. Brown*, 558 U.S. 120, 131 (2010).

[3] *People v. Martinez*, 2 Cal. 5th 1093, 1102 (2017) ("Vehicle Code sections 20003 and 20004, in turn, require the driver to stop and provide identification and render aid to the victim, as well as to report the accident to authorities if there is no police officer present. Failure to comply with these requirements is a criminal offense. (Veh. Code, § 20001, subd. (b)(1) & (2).)").

> . . . First, the record does not disclose why defendant's trial counsel did not pursue having Little's phone examined. In such instances, the claim of ineffective assistance of counsel will be rejected unless counsel was asked for an explanation and failed to provide one or there simply could be no satisfactory explanation. [Citation.] Here, there is no indication that defendant's trial counsel was asked for an explanation. Moreover, counsel could have determined that a forensic examination was unnecessary after conferring with defense expert Beegle, who was able to interpret the phone records and opined that a forensic examination of the phone could not establish who, in fact, was using the phone at 11:51 p.m. on the night in question.
>
> Second, defendant has failed to show that he was prejudiced by counsel's failure to have the phone examined. While he contends that such an examination was necessary to "solidify the testimony," he does not specify the testimony to which he is referring. Nor does he explain how an examination of the phone otherwise would support the defense theory that Little was using the phone at the time of the collision. Absent such evidence, we must reject defendant's claim that his trial counsel was ineffective in failing to have Little's cell phone examined.

(Opinion at 15.)

That was a merits ruling, mandating deference here, § 2254(d) (*see* Petition at 20-24). If counsel conducts a non-"exhaustive," "reasonably substantial" investigation, resulting strategic choices are "virtually unchallengeable."[4] An ineffectiveness claim essentially is doomed if the "overall" indication is that counsel engaged in "active and capable advocacy."[5] Also fatal is a failure to show evidence that allegedly would have been admitted but for a claimed investigative failure, that would have made a more favorable result reasonably probable.[6] The Opinion's reasoning is no example of "extreme malfunction[]" in application of the Supreme Court's Sixth Amendment precedents. *See Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015). That bars relief.

And the claim itself is barred. The claim was not fairly presented to the California Supreme Court, § 2254(b)(1), i.e., presented in a way that court could reach the merits without deviating from its normal claim-processing rules. *See Castille v. Peoples*, 489 U.S. 346, 349, 351 (1989); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). The claim was not in the appellate petition for review. And insofar as it renews claims in California Supreme Court habeas pleadings filed

---

[4] *Strickland v. Washington*, 466 U.S. 668, 680-81, 690 (1984); *Maryland v. Kulbicki*, 136 S. Ct. 2, 4-5 (2015) ("diligent search" does not imply seeking all arguably "available" evidence).

[5] *Richter*, 562 U.S. at 111.

[6] *Bragg v. Galaza*, 242 F.3d 1082, 1088 (9th Cir. 2001); *Dows v. Wood*, 211 F.3d 480, 486 (9th Cir. 2000).

on or after November 8, 2017, again the California Supreme Court has held that date was too late to commence state habeas review, and that bars the claim here, *Walker*, 562 U.S. at 320-21.[7]

## V. A MERITLESS FAILURE-TO ATTACK-PRIOR-COUNSEL CLAIM IS BARRED

The Opinion further rejected a claim that trial counsel was constitutionally required to attack preliminary hearing counsel for agreeing to release the victim's vehicle:

> Next, we consider defendant's contention that his trial counsel was ineffective in "fail[ing] to argue that the release of the Oldsmobile was ineffective assistance by prior counsel." Defendant asserts that counsel's filing of the [*California v. Trombetta*, (1984) 467 U.S. 479 (1984)] motion was "nonsensical" because to prevail on such a motion, a defendant must show bad faith on the part of the prosecution, which was impossible here because defendant's former counsel, Pacheco, consented to its release. (Citation.) Defendant argues that a motion based on Pacheco's ineffective assistance of counsel would have had merit, and that his trial counsel was ineffective in not bringing such a motion. We are not persuaded.
>
> First, the record does not disclose why Pacheco consented to a release of the Oldsmobile, and there is no indication that Pacheco was asked for an explanation. Moreover, Pacheco could have determined that the evidence gathered by MAIT, including numerous photographs of the Oldsmobile, was sufficient and that an actual inspection was unnecessary. [Citation.] Second, defendant failed to show he was prejudiced by the release of the Oldsmobile. While he claims in general terms that the release of the Oldsmobile inhibited his ability to attack the MAIT team's analysis or present a defense as to what actually occurred, he makes no attempt to explain why an examination of the car itself was necessary. Absent a showing that Pacheco rendered ineffective assistance, defendant is unable to establish that he would have received a more favorable result had his trial counsel moved to dismiss based on Pacheco's ineffective assistance.

(Opinion at 15-16.)

Again, the merits ruling requires deference (Petition at 25-32), and again the Opinion is not an example of extreme malfunction of Supreme Court rules. That is particularly so, given no showing that trial counsel did not investigate—rather, he just exercised virtually unchallengeable discretion whether to make a motion. And more so, given no showing of prejudice from trial counsel's lack of attack on preliminary hearing counsel, in that the Opinion rejected the underlying theory that Petitioner had proved preliminary hearing counsel was ineffective.

And again the claim is barred; it was omitted from the appellate petition for review and any claim presented to the California Supreme Court on or after November 8, 2017, was time-barred.

---

[7] Of necessity, that implies the California Supreme Court found Petitioner did not show an exception sufficient to require a federal court to reach the merits, notwithstanding any default—either because Petitioner failed to assert such exception or because he failed to prove it despite the assertion. *See In re Gomez*, 45 Cal. 4th 650, 655 (2009) ("Ordinarily, we will provide a remedy on collateral review of a final judgment if that remedy would be available in the federal courts.").

## VI. A Meritless Denial-of-Counsel Claim is Barred

Petitioner claims he was denied counsel, per *United States v. Cronic*, 466 U.S. 648 (1984).

> *Cronic* held that a Sixth Amendment violation may be found "without inquiring into counsel's actual performance or requiring the defendant to show the effect it had on the trial," (citation), when "circumstances [exist] that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified," (citation.) *Cronic*, not *Strickland*, applies "when . . . the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial," (citation), and one circumstance warranting the presumption is the "complete denial of counsel," that is, when "counsel [is] either totally absent, or prevented from assisting the accused during a critical stage of the proceeding," (citation).

*Wright v. Van Patten*, 552 U.S. 120, 124-25 (2008). Under *Cronic*, "the attorney's failure must be complete." *Bell v. Cone*, 535 U.S. 685, 697 (2002). As between "the rule of *Strickland* and that of *Cronic*, this difference is not of degree but of kind." *Cone*, 535 U.S. at 697.

Lack of fair California Supreme Court presentation bars this claim (Petition at 33-38). It seems the claim was presented to that court in pleadings on or after November 8, 2017, but there remains that Court's ruling that that such presentation was too late. *Walker*, 562 U.S. at 320-21.

The claim also lacks merit; there is no plausible argument that trial counsel demonstrated "complete" failure to test the prosecution's case. There is no purported showing that defense attorneys collectively investigated not at all, and failed to question witnesses at all, and presented no witnesses at all, objected not at all, and argued the case not at all. Rather, there are just assertions (meritless, but that is beside the point) that at certain points one or more of the defense attorneys should have done things differently. That is no *Cronic* claim. *Cone*, 535 U.S. at 698.

## VII. Rejecting a Barred Denial-of-Continuance Claim Was Reasonable

The Opinion rejected a claim that the trial court wrongly denied a continuance. An initial motion for continuance claimed a need to investigate newly discovered evidence. (Opinion at 9-10.) The trial court found the motion lacked good cause, and the court further found the motion was premature given that the defense still had at least three weeks more to prepare; ultimately, the motion was denied without prejudice. (*Id.* at 11.) No later motion was made, and so any claim of right to a continuance was waived on appeal. (*Id.* at 12-13.) Further, lack of demonstrated prejudice barred relief on the merits. (*Id.* at 13.)

This claim (Petition at 39-47) is barred due to procedural default—the rule, established prior to trial, that, "As a general matter, when a trial court denies a motion without prejudice the matter is forfeited if not renewed," *People v. Mills*, 48 Cal. 4th 158, 170 (2010). (Opinion at 13.)

And relief is barred in any event in light of the Opinion's rejection of the claim for lack of prejudice.[8] The Supreme Court has held that "broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983). But review for "abuse of discretion" is beyond the province of federal habeas. *Williams v. Borg*, 139 F.3d 737, 740 (9th Cir. 1998). No Supreme Court case had squarely confronted an instance of denial of continuance, setting it forth as an example of how prejudice can be shown sufficient to establish constitutional error. *See Metrish v. Lancaster*, 569 U.S. 351, 367 (2013) ("Distinguishing . . . a case in which we *rejected* a due process claim . . . does little to bolster [petitioner's] argument that the [state court] decision unreasonably applied clearly established federal law."); *id.* at 367-68 (clearly established law is absent if "This Court has never *found* a due process violation in circumstances remotely resembling [the petitioner's] case") (italics added).

## VIII. A MERITLESS CUMULATIVE PREJUDICE CLAIM IS BARRED

A claim of cumulative prejudice from asserted errors (Petition at 48-56) was held barred as late by the California Supreme Court; that precludes the claim here. *Walker*, 562 U.S. at 320-21.

The claim is also meritless. In part, the assertions of error renew theories already rejected, needing no more response. In other part, the assertions lack sufficient statements of actual fact—i.e., objective historical *fact* sufficient to allow a one to find a claim has merit if the facts stated are true, as opposed to mere conclusory argument. Yet even under ordinary civil pleading rules,

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)]. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557 [].
>
> . . . [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570 []. A claim has facial plausibility

[8] *Davis v. Ayala*, 135 S. Ct. 2187, 2198 (2015).

> when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556 []. . . .
>
> . . . First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555 [] (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). . . .
>
> . . . While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. . . .

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).[9] And that is an ordinary civil "system of so - called 'notice pleading.' " *State of California v. Harvier*, 700 F.2d 1217, 1225 (9th Cir. 1983). Even that would be insufficient, for "Habeas Corpus Rule 2(c) is more demanding," including a "demand that habeas petitioners plead with particularity." *Mayle v. Felix*, 545 U.S. 644, 655-56 (2005). Yet the claim here has but the barest assertions of historical fact, and those facts are at best "consistent" with a prospect of error, but stop well " 'short of the line between possibility and plausibility of "entitlement to relief." ' " *See Iqbal*, 556 U.S. at 678. Rather, the remainder is just insistence by Petitioner (whether by citation to cases or by his own conclusory argument) that those factual events demonstrate some form of illegality. *And see James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."). That bars relief.

## IX. A MERITLESS OUTRAGEOUS-GOVERNMENT-CONDUCT CLAIM IS BARRED

A claim that outrageous government conduct barred Petitioner's prosecution (Petition at 57-65) was time barred by the California Supreme Court, which is fatal. *Walker*, 562 U.S. at 320-21.

Too, the underlying assertions again lack statements of objective historical facts sufficient for one to find a claim has merit if stated facts (rather than legal conclusions how the stated facts should be viewed) are true. Again, that is insufficient, facially. *Iqbal*, 556 U.S. at 678-79, 681.

And the claim, citing *United States v. Russell*, 411 U.S. 423 (1973), falters on the merits because *Russell* at most noted there "may some day" be a set of facts in which law enforcement conduct would bar judicial conviction, *id.* at 431-32. Courts have not generally found that such a

[9] *And see Iqbal* at 681 ("[W]e do not reject . . . bald allegations on the ground that they are unrealistic or nonsensical. . . . It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth.").

bar would apply outside examination of police conduct; the Ninth Circuit has noted it is broader in its view of what police conduct would suffice—but even then, that is police conduct preceding judicial proceedings. *United States v. Bogart*, 783 F.2d 1428, 1436 (9th Cir. 1986); *accord Shaw v. Winters*, 796 F.2d 1124, 1125 (9th Cir. 1986). In contrast, Petitioner's claim is based nearly or entirely on complaints that the prosecution should have been more careful as to how judicial proceedings were conducted. It is implausible to say that the rule he argues for is one whose existence, rendering resulting custody illegal, would have been "apparent to all reasonable jurists" based on the law extant at the time the conviction became final on direct appeal. *Beard v. Banks*, 542 U.S. 406, 413 (2004); *cf. United States v. So*, 755 F.2d 1350, 1353 (9th Cir. 1985) ("Neither *Russell* nor many cases since, however, have found such conduct."). That bars relief.

## X. A MERITLESS DOUBLE JEOPARDY CLAIM IS BARRED

While barred by the California Supreme Court's untimeliness ruling, the claim that double jeopardy bars multiple punishment for murder and manslaughter (Petition at 71-74) overlooks that Petitioner is not in custody, § 2254(a), on the stayed manslaughter count.

## XI. A MERITLESS STATE LAW SENTENCING CLAIM IS BARRED

While barred by the California Supreme Court's untimeliness ruling, the claim of state law sentencing error in attaching great bodily injury enhancements to the murder or manslaughter sentences (Petition at 75-76) overlooks that Petitioner's custody on the murder (his custody is not based on the manslaughter), § 2254(a), does not include any great bodily injury enhancement.

## CONCLUSION

Respondent respectfully asks this Court to deny the Petition for Writ of Habeas Corpus.

Dated: November 19, 2018

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
JUSTAIN P. RILEY
Deputy Attorney General
s\ *David Andrew Eldridge*
DAVID ANDREW ELDRIDGE
Deputy Attorney General
*Attorneys for Respondent*

SA2018300837
33652034.docx

**DECLARATION OF SERVICE BY U.S. MAIL**

Case Name: **Serratos v. Robertson, Acting Warden** No.: **2:18-cv-00077-MCE-KJN**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On November 19, 2018 I served the attached **Answer to Petition for Writ of Habeas Corpus** by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Benjamin Serratos III
AM-3717
Pelican Bay State Prison (7500)
PO Box 7500
Crescent City CA 95532-7500

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on November 19, 2018 at Sacramento, California.

s\ *D. Eldridge*
Declarant